**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DENNY LINDLEY, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No.: 08-CV-379-CVE-PJC |
| ) | |
| LIFE INVESTORS INSURANCE COMPANY ) | |
| OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Life Investors Insurance Company of America ("Life Investors"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 files this Notice of Removal of this case from the District Court in and for Tulsa County, Oklahoma, in which court this case was commenced, to the United States District Court for the Northern District of Oklahoma, Tulsa Division, being the district and division embracing the place where the case is pending. In support of this Notice of Removal, Life Investors states the following:

### Timeliness of Removal

1.  Plaintiff commenced this action by filing the Complaint in the Tulsa County District Court, Oklahoma, on or about May 30, 2008. The Complaint, Summons and other papers were served on June 9, 2008 upon the Oklahoma Insurance Commission, and thence on June 11, 2008 on Life Investors. This removal was effected within 30 days of service of the Complaint on Life Investors. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (notice of removal is timely under 28 U.S.C. § 1446(b) if filed within 30 days after service of the complaint).

**Diversity Jurisdiction**

2. At the time the Complaint was filed, at the time of removal and at all intervening times, the Plaintiff Denny Lindley was (and is) a resident and citizen of the State of Oklahoma. Complaint ¶ I. At the time the Complaint was filed, at the time of removal and at all intervening times, Life Investors was (and is) a corporation organized under the laws of the State of Iowa with its principal place of business in the State of Iowa. *See* Declaration of James A. Byrne ¶ 5 ("Byrne Decl.") (attached hereto as Exhibit A); Compl. ¶ II. Life Investors is therefore a "citizen" of Iowa. 28 U.S.C. § 1332(c)(1) (deeming a corporation to be a citizen of the State where it is incorporated and of the State where it has its principal place of business). Complete diversity of citizenship exists in this case.

3. This Court has original jurisdiction over Plaintiff's claims because the action presents a dispute between citizens of different States where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1).

4. Accordingly, this case is removable under 28 U.S.C. § 1441(a).

**Allegations and Claims in the Complaint**

5. The Complaint alleges that Plaintiff "purchased supplemental policies of insurance from Defendant providing for payment of certain medical expenses." Complaint, ¶ VI. The Complaint further alleges that Plaintiff "has incurred medical bills and expenses resulting from a diagnosis of cancer, for which demand was made of Defendant," and that Life Investors allegedly has not satisfied those demands for payment under Plaintiff's policy. *Id*. at ¶ VII.

6. Based on these allegations, the Complaint purports to assert claims for breach of contract, "the tort of failure to act in good faith and fair dealing and . . . bad faith," and negligence in the handling of Plaintiff's claim. *Id*. at ¶¶ VII - IX. Plaintiff seeks compensatory

damages "in excess of $10,000," punitive damages "in excess of $10,000," costs, statutory interest, pre- and post-judgment interest, "attorney fees as set by statute," and other relief the Court deems just and equitable. *Id*., "Wherefore" clause.

## Amount in Controversy

7. In paragraph VII, the Complaint alleges that Plaintiff has incurred medical bills and expenses resulting from a diagnosis of cancer, for which he demanded payment from Life Investors, but Life Investors allegedly has not satisfied those demands for payment. Life Investors' records show that from October 10, 2001 to the present, Life Investors processed claims submitted by the Plaintiff totaling $103,497.09. Byrne Decl. ¶ 4. During the same period, Life Investors paid benefits to Plaintiff totaling $67,515.91. *Id*. The difference between these amounts – $35,981.18 – is the amount of Plaintiff's claim stated in paragraph VII. *Id*.

8. Oklahoma Statutes, Title 23, Chapter 1, section 9.1 provides for punitive damages in actions for "breach of an obligation not arising from contract . . . ." This statute is specifically applicable to insurers who have not acted "fairly and in good faith" with their insureds. The statute "creates three categories of punitive damage awards based on a defendant's culpability." *Gilbert v. Security Finance Corp. of Okla., Inc.*, 152 P.3d 165, 181 (Okla. 2006). The lowest level of punitive damages under this statute is Category I, under which "[a]n insurer [that] has recklessly disregarded its duty to deal fairly and act in good faith with its insured" may suffer a punitive damage award "in an amount not to exceed the greater of" $100,000.00 or the amount of the actual damages awarded. 23 O.S. § 9.1(B)(2). The intermediate level of punitive damages under the statute is Category II, under which an insurer that has "intentionally and with malice breached its duty to deal fairly and act in good faith with its insured" may suffer a punitive damage award not to exceed the greatest of $500,000.00 or twice the amount of actual damages

awarded or the increased financial benefit derived by the insurer as a direct result of the conduct causing the injury to the plaintiff and other persons or entities. 23 O.S. § 9.1(C)(2). The highest level of punitive damages is Category III, under which a punitive damages award may be "in any amount the jury deems appropriate" under certain specified conditions. 23 O.S. § 9.1(D)(2). Where both actual and punitive damages are recoverable, both must be included in determining the amount in controversy. *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943); *Watson v. Blankinship*, 20 F.3d 383, 386 (10th Cir. 1994) (punitive and actual damages can be aggregated to meet amount in controversy requirement) (citing *Bell*).

9. Oklahoma Statutes, Title 36, Chapter 1, Art. 36, section 3629 provides in pertinent part that "[u]pon a judgment rendered to either party, costs and attorney fees shall be allowable to the prevailing party." The statute adds: "If the insured is the prevailing party, the court in rendering judgment shall add interest on the verdict at the rate of fifteen percent (15%) per year from the date the loss was payable pursuant to the provisions of the contract to the date of the verdict." Attorney's fees provided under a statute should be included in the amount in controversy. *See, e.g.*, *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933); *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003) (where statute provides the award of attorney's fees to prevailing claimant, attorney's fees are properly included in the amount in controversy to determine subject-matter jurisdiction). Under Oklahoma law, the award of attorney's fees under section 3629 is mandatory when the statutory conditions are met. *Stauth v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 236 F.3d 1260 (10th Cir. 2001); *Williams v. Old Am. Ins. Co.*, 907 P.2d 1105 (Okla. Civ. App. 1995).

10. Assuming for purposes of this filing that all of the allegations of the Complaint in this case are true, and disregarding for purposes of this filing each and every defense of Life

Investors, the Complaint places more than $75,000.00, exclusive of interest and costs, in controversy. Plaintiff demands actual damages amounting to $35,981.18. *Supra*, paragraph 7; Byrne Decl. ¶ 4. The Complaint further alleges that "the actions of . . . Life Investors . . . constitute the tort of failure to act in good faith and fair dealing" and that Life Investors "thereby acted in bad faith." Complaint, ¶ VIII. For the alleged "failure to act in good faith and fair dealing" and alleged "bad faith," the Complaint demands punitive damages. Complaint, ¶ XI and "Wherefore" clause. Under Oklahoma Statutes, Title 23, section 9.1(B)(2), the lowest amount of punitive damages in this case would be the amount of actual damages claimed by the Plaintiff, which is $35,981.18. When the actual damages sought by the Plaintiff are added to even the lowest level of punitive damages under section 9.1, the amount claimed in the Complaint for actual and punitive damages is at least $71,962.36 ($35,981.18 x 2). When attorney's fees under section 3629 are included, as they must be, the amount in controversy under the Complaint for even the least amount of punitive damages that might be awarded easily exceeds $75,000.00. *See* Affidavit of Jack Brown, attached hereto as Exhibit B (reasonable attorney's fees in this case should exceed $45,000.00 through discovery and trial on the merits).

11.     As noted by this Court in *Allison v. Metropolitan Life Insurance Co.*, 2007 WL 1160329 (N.D. Okla. Apr. 17, 2007), "[c]onsidering the amount of the policy proceeds at issue, the fact[] Plaintiff[] seek[s] actual damages for breach of the implied covenant of good faith and fair dealing, and the fact that Plaintiff[] seek[s] punitive damages for alleged conduct authorizing an award anywhere from $100,000 to $500,000, the amount in controversy plainly exceeds $75,000." *Id.* at *1.[1] *See also Gilbert*, 152 P.2d at 181 (under Category II of section 9.1,

---

[1] Like this case, the amount demanded in actual damages in *Allison* ($53,546.42) was below this Court's jurisdictional threshold but, combined with the punitive damages sought under section 9.1, easily exceeded $75,000 exclusive of interest and costs.

punitive damages could be as high as $500,000.00 even though actual damages may be just $15,000.00); *Alsobrook v. Nat'l Travelers Life Ins. Co.*, 852 P.2d 768, 769 (Okla. Civ. App. 1993) (jury awarded the insured compensatory damages in the amount of $6,239.00, $20,000.00 on the claim of failure to deal fairly and in good faith, and $100,000.00 in punitive damages).

12. For the above reasons, the amount in controversy in this case exceeds the jurisdictional threshold in 28 U.S.C. § 1332(a)(1), and this Court has subject-matter jurisdiction.

13. A copy of all process and pleadings served upon Life Investors is attached hereto as Exhibit C. Contemporaneously with the filing of this Notice of Removal, written notice has been served upon the Plaintiff through his counsel of record and a copy of this Notice of Removal has been filed with the District Court for Tulsa County, Oklahoma.

Dated: June 30, 2008

        Respectfully submitted,

        **JONES, GOTCHER & BOGAN P.C.**


        By: /s/ Jack L. Brown
        Jack L. Brown, OBA #10742
        Daniel V. Carsey, OBA #21490
        15 East Fifth Street, Suite 3800
        Tulsa, Oklahoma 74103
        Telephone: (918) 581-8211
        Facsimile: (918) 583-1189
        E-Mail: jbrown@jonesgotcher.com
              dcarsey@jonesgotcher.com

        *Attorneys for Life Investors Insurance Company of America*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of this Notice of Removal was served by mailing same by United States Mail, first-class postage prepaid, to the following person on the 30th day of June, 2008:

Eric J. Begin, Esq.
MCGIVERN, GILLIARD & CURTHOYS
P.O. Box 2619
Tulsa, Oklahoma 74101-2619


/s/ Jack L. Brown
Jack L. Brown

*169511*