**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DENNY LINDLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-CV-0379-CVE-PJC |
| | ) | |
| LIFE INVESTORS INSURANCE | ) | |
| COMPANY OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Now before the Court are Plaintiff's Motion to Remand and Brief in Support (Dkt. # 16) and the Motion of Life Investors Insurance Company of America to Strike the Affidavit Submitted with Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Remand (Dkt. # 23). Plaintiff argues that the Court lacks subject matter jurisdiction over this case, because the amount in controversy does not exceed $75,000. Defendant responds that it provided an economic analysis of plaintiff's claims in its notice of removal showing that the amount in controversy is likely to exceed $75,000 and this case should not be remanded.

On May 30, 2008, plaintiff filed this case in the District Court of Tulsa County, alleging claims for breach of contract and bad faith based on Life Investors Insurance Company of America's ("Life Investors") denial of his insurance claim for medical expenses. Life Investors removed this case to federal court on the basis of diversity jurisdiction. Life Investors contends that diversity jurisdiction is properly invoked here because it is a foreign corporation incorporated in Iowa with its principal place of business in Iowa, and plaintiff is a citizen of Oklahoma. In its notice of removal, Life Investors states that the amount in controversy exceeds $75,000 based on the amounts allegedly owed to plaintiff under an insurance policy, plaintiff's request for punitive damages, and

the mandatory award of attorney fees under OKLA. STAT. tit. 36, § 3629 if plaintiff prevails in this

litigation.  Life Investivors provided an affidavit of James A. Byrne, a director of claims analysis

for Life Investors, who states that plaintiff submitted claims in the amount of $103,497.09 to Life

Investors since October 10, 2001.  Of these claims, Life Investors paid $67, 515.91, and the

remaining unpaid claims are $35,981.18. Dkt. # 2, Ex. A.  Life Investors submitted an affidavit of

one of its attorneys, Jack L. Brown, who stated that plaintiff seeks attorney fees in this case and,

based on his experience, a reasonable estimate of attorney fees for this type of case is $45,000.  Id.,

Ex. B.  Life Investors also argues that plaintiff seeks punitive damages, and some amount of punitive

damages should be considered when determining the amount in controversy.

A case must be remanded to state court if at any time before final judgment it appears the

court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  Initially, the Court notes that federal

courts are courts of limited jurisdiction.  With respect to diversity jurisdiction, "[d]efendant's right

to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the

rules applied when plaintiff has filed suit in federal court with a claim that, on its face, satisfies the

jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash

about jurisdiction, uncertainties are resolved in favor of remand."  Burns v. Windsor Ins. Co., 31

F.3d 1092, 1095 (11th Cir. 1994).

In order for a federal court to have diversity jurisdiction, the amount in controversy must

exceed $75,000.  28 U.S.C. § 1332(a). The Tenth Circuit has clarified the analysis which a district

court should undertake in determining whether an amount in controversy is greater than $75,000.

The Tenth Circuit stated:

> [t]he amount in controversy is ordinarily determined by the allegations of the complaint, or,
> where they are not dispositive, by the allegations in the notice of removal.  The burden is on

the party requesting removal to set forth, in the notice of removal itself, the "underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000]." Moreover, there is a presumption against removal jurisdiction.

Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995) (citations omitted) (emphasis in original); e.g., Hughes v. E-Z Serve Petroleum Marketing Co., 932 F. Supp. 266 (N.D. Okla. 1996) (applying Laughlin and remanding case);  Barber v. Albertson's, Inc., 935 F. Supp. 1188 (N.D. Okla. 1996) (same); Martin v. Missouri Pacific R.R. Co. d/b/a Union Pacific R.R. Co., 932 F. Supp. 264 (N.D. Okla. 1996) (same);  Herber v. Wal-Mart Stores, 886 F. Supp. 19, 20 (D. Wyo. 1995) (same); Homolka v. Hartford Ins.. Group, Individually and d/b/a Hartford Underwriters Ins.. Co., 953 F. Supp. 350 (N.D. Okla. 1995) (same); Johnson v. Wal-Mart Stores, Inc., 953 F. Supp. 351 (N.D. Okla. 1995) (same); Maxon v. Texaco Ref. & Marketing Inc., 905 F. Supp. 976 (N.D. Okla. 1995) (same).

Further, "both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice." Laughlin, 50 F.3d at 873; see also Associacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia (Anpac) v. Dow Quimica de Colombia S.A., 988 F.2d 559, 565 (5th Cir. 1993) (finding defendant's conclusory statement that "the matter in controversy exceeds [$75,000] exclusive of interest and costs" did not establish that removal jurisdiction was proper); Gaus v. Miles, Inc, 980 F.2d 564 (9th Cir. 1992) (mere recitation that the amount in controversy exceeds $75,000 is not sufficient to establish removal jurisdiction).

Where the face of the complaint does not affirmatively establish the requisite amount in controversy, the plain language of Laughlin requires a removing defendant to set forth, in the removal documents, not only the defendant's good faith belief that the amount in controversy

exceeds $75,000, but also <u>facts</u> underlying the defendant's assertion.  In other words, a removing

defendant must set forth specific facts which form the basis of its belief that there is more than

$75,000 at issue in the case.  The removing defendant bears the burden of establishing by a

preponderance of the evidence federal court jurisdiction at the time of removal, and not by

supplemental submission.  <u>Laughlin</u>, 50 F.3d at 873; <u>Herber</u>, 886 F. Supp. at 20 (holding that the

jurisdictional allegation is determined as of the time of the filing of the notice of removal).  The

Tenth Circuit has clearly stated what is required to satisfy that burden.  As set out in <u>Johnson v. Wal-</u>

<u>Mart Stores, Inc.</u>, 953 F. Supp. 351 (N.D. Okla. 1995), if the face of the petition does not

affirmatively establish that the amount in controversy exceeds $75,000.00, then the rationale of

<u>Laughlin</u> contemplates that the removing party will undertake to perform an economic analysis of

the alleged damages with <u>underlying facts</u>.

The Tenth Circuit has recently clarified the defendant's burden to establish facts supporting

the amount in controversy by a preponderance of the evidence.  In <u>McPhail v. Deere Co.</u>, 529 F.3d

947 (10th Cir. 2008), the Tenth Circuit described the historical roots of diversity jurisdiction and

noted that diversity jurisdiction was designed to protect out of state defendants from prejudice in

state courts.  <u>Id</u>. at 953.  However, both Supreme Court and Tenth Circuit precedent places the

burden on the removing defendant to establish diversity jurisdiction with "actual proof of

jurisdictional facts . . . at a stage in the litigation when little actual evidence is yet available."  <u>Id</u>.

Under <u>McPhail</u>, the defendant bears the burden to prove the jurisdictional facts by a preponderance

of the evidence and, once the jurisdictional facts are established, uncertainty about the amount the

plaintiff may recover justifies dismissal only if it is "legally certain" that plaintiff could not recover

in excess of $75,000.  <u>Id</u>. at 955 (citing <u>Meridian Security Ins. Co. v. Sadowski</u>, 441 F.3d 536, 543

(7th Cir. 2006)).  The Tenth Circuit identified several methods that a removing defendant may use to prove the jurisdictional facts by a preponderance of the evidence when the complaint relies on state court pleading rules that do not require the plaintiff to allege a specific amount of damages. First, the defendant may rely on facts stated in the complaint to estimate the amount of damages plaintiff is seeking.  Id. at 955-56.  Second, a defendant may rely on other documents, such as discovery responses, affidavits, or other "summary-judgment-type evidence" that may be in defendant's possession.  Id. at 956 (citing Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002)).  Third, any settlement offers between the parties suggesting that the amount in controversy exceeds $75,000 should be considered by the district court.  Id. at 956.

In McPhail, the Tenth Circuit found that the defendant had satisfied its burden to prove by a preponderance of the evidence facts establishing that the amount in controversy exceeded $75,000. The plaintiff's attorney consistently refused to stipulate that the amount in controversy exceeded $75,000, even though plaintiff's attorney informally represented to defense counsel that the plaintiff was seeking over $75,000 in damages.  Id. at 957.  The Tenth Circuit also considered the factual allegations of the plaintiff's complaint, which alleged that the plaintiff's decedent, Willis Ray McPhail, suffered severe and permanent injuries before his death and his surviving spouse was seeking all damages permitted by Oklahoma law in addition to harm suffered by the plaintiff's decedent.  The plaintiff's claim for punitive damages, which could reach $100,000 under Oklahoma law, was also relevant evidence tending to show that the amount in controversy exceeded $75,000. Id.

Plaintiff does not address the impact of McPhail on defendant's burden to prove the underlying facts supporting removal but, instead, cites cases generally supporting the proposition

that removal is not appropriate when the complaint states only that the amount in controversy exceeds $10,000.  Plaintiff claims that defendant is overestimating damages because the applicable statute of limitations reduces the amount he may recover under the insurance policy to $13,800.  He has submitted an affidavit stating that he understands his breach of contract claim is limited to any unpaid claims from 2006 to present.  Dkt. # 22, Ex. 2.  However, plaintiff did not limit his claim for damages in his complaint nor did defendant address this issue in its notice of removal.  Plaintiff asks the Court to disregard Brown's affidavit concerning a possible award of attorney fees, because Brown's estimate of $45,000 is "pure speculation" and "myriad factors . . . could materially affect the amount of recoverable attorney fees."  Dkt. # 22, at 5.  Plaintiff also argues that his claim for punitive damages should not be considered when determining if the amount in controversy exceeds $75,000.[1]

Defendant asks the Court to strike plaintiff's affidavit (Dkt. # 22, Ex. 2), because it constitutes a post-removal attempt to limit his damages for the sole purpose of defeating federal jurisdiction.  Dkt. # 23.  In St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938), the Supreme Court considered the effect of a defendant's affirmative defense or a plaintiff's post-removal affidavit on a federal court's subject matter jurisdiction:

---

[1]      A significant section of plaintiff's motion to remand (Dkt. # 16) and reply (Dkt. # 22) is devoted to distinguishing Allison v. Metropolitan Life Ins. Co., 2007 WL 1160329 (N.D. Okla. Apr. 17, 2007).  Plaintiff argues that defendant relies on Allison to show that the amount in controversy is satisfied in this case.  Dkt. # 16, at 2.  However, defendant has disclaimed any reliance on Allison.  See Dkt. # 12.  The Court has reviewed Allison and finds that it is not applicable.  In Allison, the court held that the defendant's conclusory allegations concerning the amount in controversy did not constitute an economic analysis as contemplated by Laughlin and granted the plaintiff's motion to remand.  Id. at *4.  Allison is a fact-specific decision that does not support either party's argument for or against remand, and defendant properly amended its notice of removal to delete any citation to Allison.

>    Of course, if, upon the face of the complaint, it is obvious that the suit cannot involve
>    the necessary amount, removal will be futile and remand will follow.  But the fact
>    that it appears from the face of the complaint that the defendant has a valid defense,
>    if asserted, to all or a portion of the claim, or the circumstance that the rulings of the
>    district court after removal reduce the amount recoverable below the jurisdictional
>    requirement, will not justify remand.  And though, as here, the plaintiff after
>    removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the
>    claim below the requisite amount, this does not deprive the district court of
>    jurisdiction.

Id. at 291-92.  In his complaint, plaintiff states that "he has incurred medical bills and expenses

resulting from a diagnosis of cancer, for which demand was made of Defendant that they [sic] satisfy

their contractual obligations.  Defendants [sic] failed and refused to satisfy those obligations, and

they [sic] are in breach of contract."  Dkt. # 2, Ex. C, at 2.  Plaintiff does not limit his claim for

damages based on the existence of a statute of limitations defense.  Defendant provided Byrne's

affidavit showing that the amount of unpaid benefits was $35,981.18 and, since plaintiff did not raise

the statute of limitations, this was a reasonable assumption.  Dkt. # 2, Ex. A.  In his affidavit,

plaintiff states that he has been informed, subsequent to filing the complaint, that his damages may

be limited by the statute of limitations.  Dkt. # 22, Ex. 2.  However, this evidence is outside the

scope of the complaint and the notice of removal, and defendant's motion (Dkt. # 23) to strike

plaintiff's affidavit should be granted.[2]  Based on the complaint and the notice of removal, the Court

finds that plaintiff is seeking $35,981.18 in compensatory damages.

---

[2]     Plaintiff claims that he drafted his complaint in compliance with OKLA. STAT. tit. 12, § 2008
        by making a general claim for damages in excess of $10,000.  However, plaintiff misstates
        Oklahoma law.  Under § 2008(A), "[e]very pleading demanding relief for damages in money
        in excess of Ten Thousand Dollars ($10,000.00) shall, without demanding any specific
        amount  of money, set forth only that the amount sought as damages is in excess of Ten
        Thousand Dollars ($10,000.00), except in actions sounding in contract."  Plaintiff alleged
        a breach of contract claim against defendant and he should have alleged a specific amount
        of damages.  He may not complain that defendant misconstrued his complaint when his own
        complaint is deficient for failing to plead contractual damages with specificity.

In the notice of removal, defendant states that plaintiff requests attorney fees and, under OKLA. STAT. tit. 36, § 3629, an award of attorney fees is mandatory if plaintiff prevails on his claim for breach of an insurance contract.  Attorney fees may be considered as part of the amount in controversy when an award of attorney fees is mandatory under state law.  Woodmen of World Life Ins. Society v. Manganaro, 342 F.3d 1214, 1218 (10th Cir. 2003).  Defendant has submitted an affidavit from Brown supporting its contention that attorney fees are likely to approach $45,000.  Plaintiff asks the Court to disregard Brown's affidavit as self-serving speculation, but does not directly challenge Brown's estimate of attorney fees.  Although it may have been advisable for defendant to obtain an independent estimate for an award of attorney fees, this does not require the Court to disregard Brown's affidavit.  Defendant is correct that § 3629 authorizes an award of attorney fees to the prevailing party in cases where an insurer has denied an insured's claim under an insurance policy.  Shinault v. Mid-Century Ins. Co., 654 P.2d 618, 619 (1982).  The Oklahoma Supreme Court also permits a plaintiff to recover attorney fees for prosecuting a bad faith claim against an insurance company if the insured loss is the core element of the tort claim.  Taylor v. State Farm Fire & Cas. Co., 981 P.2d 1253, 1258 (10th Cir. 1999).  Plaintiff has not contested defendant's estimate of $45,000 as a potential award of attorney fees and, if the case proceeds to a jury trial, a fee award of $45,000 would not necessarily be excessive or unreasonable.  Defendant has offered admissible evidence to support its factual assertion that the amount in controversy should include $45,000 for an award of attorney fees, and this amount should be included in the amount in controversy.

The Court finds that two additional facts also support defendant's claim that the amount in controversy exceeds $75,000.  First, plaintiff seeks punitive damages in excess of $10,000, and

punitive damages may be considered in determining if the amount in controversy exceeds the statutory requirement.  Bell v. Preferred Life Assurance Soc'y of Montgomery, Alabama, 320 U.S. 238, 240 (1943); McPhail, 529 F.3d at 957.  However, the Court must look to the allegations of the complaint and the facts stated in the notice of removal, rather than statutory limits on punitive damages, to determine the amount of punitive damages that may be considered part of the amount in controversy.  See Madlock v. Farmers Ins. Co., Inc., 2007 WL 4554186 (N.D. Okla. Dec. 19, 2007); Buckman v. United American Ins. Co., 2007 WL 3231715 (N.D. Okla. Oct. 29, 2007).  The complaint demands punitive damages in excess of $10,000 and this amount should be considered as part of the amount in controversy.  Second, defendant asked plaintiff to stipulate that he was not seeking more than $75,000, but plaintiff refused to execute the stipulation.  While plaintiff's refusal is not dispositive evidence that the amount in controversy exceeds the jurisdictional amount, it lends some support to defendant's argument that the amount in controversy requirement is satisfied.  Torres v. Cintas Corp., 2008 WL 2510133 (N.D. Okla. June 19, 2008); Chidester ex rel. Chidester v. Kaz, Inc., 2007 WL 1087728 (N.D. Okla. Apr. 9, 2007).

Based on a review of the complaint, the notice of removal, and the evidence provided by defendant with the notice of removal, the Court finds that the amount in controversy exceeds $75,000.  Defendant has shown that plaintiff's lawsuit concerns $35,981.18 in unpaid claims under an insurance policy issued by defendant, and plaintiff's post-removal attempt to limit his damages to $13,800 is impermissible under St. Paul Mercury.  Defendant has provided evidence supporting its assertion that plaintiff could be entitled to approximately $45,000 in attorney fees if he prevails on his claims, and plaintiff has not offered any legitimate argument contesting this amount.  The complaint also seeks in excess of $10,000 in punitive damages.  Plaintiff's refusal to stipulate that

the amount in controversy is less that $75,000 also provides some support for the facts stated in defendant's notice of removal.  Based on this evidence, the Court finds that defendant has proved by a preponderance of the evidence facts showing that the amount in controversy is at least $90,981.18, and the jurisdictional requirement that the amount in controversy exceed $75,000 is satisfied.  The parties are diverse and the Court has jurisdiction over this case under 28 U.S.C. § 1332.

**IT IS THEREFORE ORDERED** that: Plaintiff's Motion to Remand and Brief in Support (Dkt. # 16) is **denied**; the Motion of Life Investors Insurance Company of America to Strike the Affidavit Submitted with Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Remand (Dkt. # 23) is **granted**; and plaintiff's affidavit (Dkt. # 22, Ex. 2) is **stricken**.

**IT IS FURTHER ORDERED** that the parties shall file a Joint Status Report no later than **October 9, 2008.**

**DATED** this 2nd day of October, 2008.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT