**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DENNY LINDLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-CV-0379-CVE-PJC |
| ) | |
| LIFE INVESTORS INSURANCE ) | |
| COMPANY OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is Plaintiff's Motion to Reconsider and Brief in Support (Dkt. # 26). Plaintiffs asks the Court to reconsider its opinion and order (Dkt. # 24) denying his motion to remand and striking his affidavit attached to his reply in support of his motion to remand. Defendant responds that plaintiff is simply reasserting arguments that have already been considered and rejected or is asserting arguments that could have been raised in his motion to remand, and reconsideration is not appropriate.

Plaintiff filed this case in the District Court of Tulsa County, Oklahoma on May 30, 2008. Life Investors Insurance Company of America ("Life Investors") removed the case to federal court on June 30, 2008 on the basis of diversity jurisdiction, because the parties are citizens of different states and the amount in controversy exceeds $75,000.[1] Dkt. # 2. In its notice of removal, Life Investors relied on the affidavit of James A. Byrne, a director of claims analysis for Life Investors, to show that plaintiff was seeking $35,981.18 of unpaid insurance claims. It also submitted the

---

[1] The notice of removal states that plaintiff is a citizen of Oklahoma and Life Investors is incorporated and has its principal place of business in Iowa, and this element of diversity jurisdiction is not in dispute.

affidavit of Jack L. Brown, an attorney for Life Investors, who stated that plaintiff was seeking attorney fees in this case and a reasonable estimate of an award of attorney fees was $45,000. Life Investors also stated that plaintiff was seeking punitive damages and some amount of punitive damages should be considered when determining the amount in controversy. Based on this evidence, Life Investors stated that the amount in controversy exceeded $75,000 and the Court could exercise diversity jurisdiction over this case. Dkt. # 2. Plaintiff filed a motion to remand (Dkt. # 16) contesting defendant's economic analysis of his claims and asserting that the amount in controversy does not exceed $75,000. Plaintiff claimed that Life Investors' estimate of his compensatory damages was inaccurate, because Oklahoma's statute of limitations, OKLA. STAT. tit. 12, § 95, prevented him from recovering some of his unpaid claims. Dkt. # 16, at 3. He also asserted that Life Investors instituted a new claims policy in 2006, and his actual claim for unpaid policy benefits was considerably less than $35,981.18. Plaintiff submitted an affidavit stating that he seeks approximately $13,800 of compensatory damages for breach of contract. See Dkt. # 22, Ex. 2. Life Investors filed a motion to strike plaintiff's affidavit (Dkt. # 23), because the affidavit constituted a post-remand attempt to reduce the amount in controversy for the sole purpose of defeating diversity jurisdiction.

The Court denied plaintiff's motion to remand and granted Life Investors' motion to strike plaintiff's affidavit. Dkt. # 24. After reviewing the complaint and the notice of removal, the Court found that Life Investors carried its burden to show that the amount in controversy exceeded $75,000. Although plaintiff claimed that his compensatory damages were limited to $13,800, the complaint stated that plaintiff's damages were in excess of $10,000 and provided no limitation on the time period for which he was seeking to recover unpaid insurance claims. Id. at 7. Byrne's

affidavit showed that the total amount of unpaid insurance claims was $35,981.18 and the Court found this to be a reasonable estimate of plaintiff's damages.  The Court found that plaintiff sought attorney fees and Brown's estimate of $45,000 for a potential award of attorney fees was not excessive or unreasonable.  Id. at 8.  The Court also considered plaintiff's demand for punitive damages in excess of $10,000 and plaintiff's refusal to execute a stipulation that his damages did not exceed $75,000 as relevant evidence in its determination of the amount in controversy.  Id. at 9.

Plaintiff filed a motion to reconsider (Dkt. # 26) requesting that the Court vacate its opinion and order and remand this case to Tulsa County District Court, because defendant failed to carry its burden to show that the amount in controversy exceeds $75,000.  He argues that the Court erred by striking his affidavit, because the affidavit is not a post-remand attempt to reduce his claim for damages but is simply a clarification of his complaint.  He attaches two pre-suit letters purporting to show that his claimed damages are less than $35,981.18 as estimated by Life Investors in the notice of removal.  Plaintiff further argues that he had no obligation to plead contract damages with specificity, because this would have prevented him from seeking damages for breach of contract that arose after he filed this lawsuit.

The Court treats plaintiff's motion to reconsider under Fed.R.Civ.P. 54(b), as the underlying opinion and order is not a final order or judgment.  See Raytheon Constructors, Inc. v. Asarco Inc., 368 F.3d 1214, 1217 (10th Cir. 2003). Plaintiff's motion does not address the appropriate standard of review for his motion to reconsider, but his motion implies the Court should reconsider its opinion and order under a de novo standard.  The Court may, however, call into play the legal standards applicable to a Rule 59(e) motion to alter or amend judgment.  See, e.g., Official Committee of

Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand LLP, 322 F.3d 147, 167 (2d Cir. 2003). A motion to reconsider, like a motion to alter or amend judgment, should be granted only upon the following grounds: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000); see Adams v. Reliance Standard Life Ins. Co., 225 F.3d 1179, 1186 n.5 (10th Cir. 2000). The Court will exercise its discretion to review plaintiff's motion under the standards applicable to Rule 59(e) motions. A district court does not abuse its discretion if it refuses to reconsider arguments that have already been considered and rejected. See Servants, 204 F.3d at 1009; Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991). Reconsideration is "not available to allow a party to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." FDIC v. United Pacific Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998) (quoting Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996)).

The Court's opinion and order was not a first draft, and the Court will not revisit arguments that should have been presented before or have already been rejected. The Court finds that its prior opinion and order resolved all of the issues raised in plaintiff's motion to reconsider, except for plaintiff's argument that two pre-suit demand letters show that his breach of contract claim is limited to insurance claims filed after May 30, 2006. This evidence could have been presented in his motion to remand, because this evidence was in his possession when he filed his motion to remand and his reply. See Committe for First Amendment v. Campbell, 962 F.2d 1517, 1523 (10th Cir. 1992) ("When supplementing a [motion to reconsider] with additional evidence, the movant must show

either that the evidence is newly discovered [and] if the evidence was available at the time of the decision being challenged, that counsel made a diligent yet unsuccessful effort to discover the evidence."). The pre-suit letters were sent by or to plaintiff's current counsel in 2007 and plaintiff possessed this evidence when he filed his motion to remand. The first letter was sent by plaintiff's counsel to Life Investors on November 26, 2007. In the letter, plaintiff demands immediate payment of $7,950.34 plus attorney fees and he cites a company policy adopted in April 2006 as the basis for his claim. Dkt. # 26, Ex. 1. Life Investors sent plaintiff a response on December 10, 2007 acknowledging that it revised its claims procedures, but it denied plaintiff's assertion that it had changed the terms of the underlying insurance policy or limited the scope of plaintiff's insurance coverage. Id. at 2. Life Investors rejected plaintiff's demand for immediate payment of any unpaid claims and suggested that it may have overpaid some of plaintiff's past claims, even though it agreed to forbear from any effort to collect overpayments. Id. at 3.

The Court has no obligation to consider the letters, because they were in plaintiff's possession when he filed his motion to remand and he failed to attach them to his motion. Instead of raising all of his arguments in his motion to remand, plaintiff has taken a shotgun approach and continues to revise his arguments in his attempt to obtain a remand. In his motion to remand, plaintiff argued that the statute of limitations barred his claims under the insurance policy prior to 2006. Dkt. # 16, at 3. In his reply, plaintiff argued that he was attempting to recover unpaid insurance claims from 2006 to present, because Life Investors instituted a new claims policy in 2006. Dkt. # 22, at 5. However, the specific allegations of plaintiff's motion to remand and reply are contrary to the general allegations of his complaint. The complaint alleges that plaintiff "has incurred medical bills and expenses resulting from a diagnosis of cancer, for which demand was

made of Defendant that they [sic] satisfy their [sic] contractual obligations." Dkt. 2, Ex. C, at 2. The Court properly limited its consideration of the amount in controversy to the allegations of plaintiff's complaint and the jurisdictional facts established by the notice of removal. As the Court noted in its previous opinion and order, plaintiff could have pled his contract damages with specificity but, instead, he generally alleged that his damages exceeded $10,000.[2] Dkt. # 24, at 7 n.2. Plaintiff's ongoing efforts to "clarify" the allegations of his complaint do not detract from the validity of defendant's economic analysis of his claims or override the more general allegations of his complaint. Dkt. # 26, at 7. Even if the Court were to consider the pre-suit letters, plaintiff did not refer to the letters or a claims policy adopted by Life Investors in 2006 in his compliant, and the letters have no impact on the Court's analysis of the amount in controversy.

Plaintiff has presented no basis for the Court to reconsider its prior opinion and order denying his motion to remand, and his motion to reconsider should be denied. While it is clear that plaintiff disagrees with the Court's prior decision, he has not offered any new evidence or arguments that were previously unavailable and he has simply restated arguments that the Court has already considered and rejected.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reconsider and Brief in Support (Dkt. # 26) is **denied**.

**DATED** this 29th day of December, 2008.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] Plaintiff disagrees with the Court's interpretation of OKLA. STAT. tit. 12, § 2008, and he claims that he was not permitted to plead his damages with specificity without waiving the right to collect unpaid future claims under the insurance policy. Dkt. # 26, at 7. Plaintiff cites no authority for this argument and, in any event, plaintiff's interpretation of § 2008 did not preclude him from alleging facts supporting his claims with greater specificity.