**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DENNY LINDLEY, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No.: 08-CV-379-CVE-PJC |
| ) | |
| LIFE INVESTORS INSURANCE COMPANY ) | |
| OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT LIFE INVESTORS INSURANCE COMPANY OF AMERICA'S MOTION
TO TRANSFER AND CONSOLIDATE AND MEMORANDUM OF LAW IN SUPPORT**

Defendant Life Investors Insurance Company of America ("Life Investors"), pursuant to the Court's inherent power[1] and Federal Rule of Civil Procedure 42(a), hereby submits this Motion and supporting Memorandum of Law to transfer *Lindley v. Transamerica Life Insurance Company*, Case No.: 09-cv-429-JHP-PJC (N.D. Okla.) ("*Lindley II*"), to Chief Judge Eagan and to consolidate *Lindley II* for discovery and trial purposes with the above styled action ("*Lindley I*") (collectively, the "Lindley Actions").[2] *Lindley II* involves the same parties, the same insurance policy, the same facts, and is based on many of the same legal theories as *Lindley I*. For the reasons stated herein, the Lindley Actions should be consolidated.[3]

---

[1] "District Judges have the inherent power to transfer cases from one another for the expeditious administration of justice." *U.S. v. Diaz*, 189 F.3d 1239, 1244 (10th Cir. 1999) (citing *U.S. v. Martinez*, 686 F.2d 334, 338 (5th Cir. 1982)); *see also Hutchinson v. Pfeil*, 211 F.3d 515, 523 (10th Cir. 2000) (citing *Diaz* and noting that nothing in N.D. Okla. L.R.40.1, which deals with initial assignment of cases, limits or restricts the traditional power of the court to transfer a case to another judge).

[2] A Motion to Transfer and Consolidate and Memorandum of Law in Support was filed in *Lindley II* on July 24, 2009, requesting the same relief as stated herein. (*Lindley II*, D.E. No. 32).

[3] Transamerica's counsel conferred with plaintiff's counsel who opposes this Motion.

I.  **BACKGROUND FACTS**

   A.  *Lindley I* **and** *Lindley II*

In May 2008, plaintiff, Denny Lindley, filed this action in Tulsa County District Court against Life Investors Insurance Company of America ("Life Investors"), now known as Transamerica Life Insurance Company ("Transamerica").[4] This action was removed and is now pending before this Court. *Lindley I* alleges claims for breach of contract, bad faith, and negligence in handling claims under a cancer insurance policy purchased by Lindley from a predecessor of Life Investors.

"*Lindley II*", which was recently transferred to this Court from the Western District of Oklahoma, was brought by plaintiff against Transamerica. *Lindley II* involves the same parties, the exact same insurance policy, the same facts, and is based on the same legal theories as *Lindley I*. *Lindley II* was filed in state court on April 6, 2009, almost a year after the filing of *Lindley I*. *Lindley II* is now before Judge Payne.

   B.  **The Insurance Policy, Facts, And Claims In** *Lindley II* **Are The Same As In This Case**

      1.  *The Policy at Issue in Lindley II Is the Same Policy as in this Case*

The insurance policy involved in this case, Bankers United Policy No. OG1134364B, is the same insurance policy involved in *Lindley II* (the "Policy").[5] Plaintiff applied for this "Cancer Expense Policy" from Bankers United Life Assurance Company on June 16, 1995. Plaintiff claims in this lawsuit, exactly as he does in *Lindley II*, that the defendant breached the

---

[4] Effective October 2, 2008, Life Investors merged into its affiliate Transamerica.

[5] A copy of the Policy is attached to the *Lindley I* Answer and Counterclaim, filed July 11, 2008 (*Lindley I*, D.E. No. 10-2). The same Policy is attached to the *Lindley II* First Amended Complaint (*Lindley II*, D.E. No. 6-2).

2

terms of the Policy and acted in bad faith by underpaying him benefits for medical claims, which are based on the "actual charges" of covered medical treatment.

### 2. The Facts and Claims in *Lindley II* and this Action Are the Same

Just as he is doing in this action, in *Lindley II* plaintiff contends Transamerica is improperly paying him "reduced" amounts for benefits based on "actual charges." *Lindley II* First Am. Compl. ¶ 17. Plaintiff claims that he submitted claims for "actual charges" benefits to Life Investors in the past, which the company paid "based upon his provider's 'billed' or 'pre-negotiated' charges" (*Id.* ¶ 14), but plaintiff contends that the company changed its "interpretation" and now pays "reduced" amounts based on the "amount Plaintiff's [medical] provider agrees to accept from his other, unrelated major medical insurance company in exchange for steerage (i.e., "discounted" or "post-negotiated" charges)." (*Id.* ¶¶ 17-18.) Plaintiff has made these exact same arguments in this action. *See* Plaintiff's Motion for Judgment on the Pleadings with Brief in Support at 1-2 (*Lindley I*, D.E. No. 50).

In addition to asserting the same factual theories and contentions, the plaintiff is asserting the same legal claims in *Lindley II* as he asserts in this action. As in this action, the plaintiff's principal claims in *Lindley II* are that the insurer breached the contract and acted in bad faith, by reducing the amount of benefits that it pays for benefits based on "actual charges." *Lindley II* First Am. Compl. ¶¶ 28, 30-31. Plaintiff has added a claim for "fraud" and "declaratory relief" in *Lindley II*, but these are simply additional theories based on the same factual allegations. In addition to repeating the same principal contract and bad faith claims, as he does in *Lindley I*, plaintiff also duplicates his argument that Okla. Stat. tit. 36, § 3651, which defines "actual charges" according to its plain and ordinary meaning, is "unconstitutional." *Compare Lindley II*

3

First Am. Compl. ¶ 19 *with* Amended Notice of Constitutional Question and Request for Certification to the Oklahoma Attorney General, filed Jan. 30, 2009 (*Lindley I*, D.E. No. 39).

To the extent that plaintiff is attempting to fabricate a separate existence for *Lindley II* by limiting his contract claims in this action to "[a]fter October 7, 2008,"[6] plaintiff's attempt fails. Regardless of plaintiff's self-serving attempt to limit the time period of his identical claims in *Lindley II*, the time period is not so limited in *Lindley I*. The complaint in *Lindley I* is not limited to claims prior to October 7, 2008. Rather, *Lindley I* includes claims filed with Life Investors and Transamerica before and after October 7, 2008. Moreover, defendant filed a Counterclaim in *Lindley I* on July 11, 2008 which has no time limit. The Counterclaim seeks, among other things (i) a declaration that the Policy does not require or obligate the payment of additional benefits to plaintiff; and (ii) a declaration that all benefits due under the Policy have been paid in good faith. *See* Counterclaim at pp.14-16. Plaintiff's claims in *Lindley II* deal with issues that are related to the Counterclaim in *Lindley I*. Further, plaintiff's proposed class definition in *Lindley II* imposes no time restrictions. *See Lindley II* First Am. Compl. ¶ 1. Therefore, plaintiff's proposed class in *Lindley II* would include his claims asserted in *Lindley I*.

### C. The Parties In This Action And *Lindley II* Are The Same

Not only are the operative facts and contract claims in this action the same as those in *Lindley II*, but the parties are identical as well. The plaintiff, Denny Lindley, is identical in both actions. In addition, the defendants are the identical corporate entity. The plaintiff purchased his Policy from Bankers United Life Assurance Company, which subsequently merged into Life Investors effective December 31, 2001. The parties do not dispute that Life Investors merged

---

[6] On May 19, 2009, plaintiff filed a First Amended Complaint in this case in which he added the phrase "After October 7, 2008" to the beginning of several paragraphs in his complaint. *See, e.g., Lindley II* First Am. Compl. ¶¶ 15, 16, 18, 20.

4

into and became part of Transamerica effective October 2, 2008. Pursuant to Rule 25(c), the *Lindley I* action continues against Transamerica without the need for a substitution of parties, and Transamerica is liable for any judgment in *Lindley I*.[7] Moreover, plaintiff filed papers in *Lindley I* acknowledging his understanding that, as a result of the merger, "Life Investors *no longer exists* as a legal entity separate and apart from Transamerica." *See* Plaintiff's First Motion for Leave to Join Party-Defendant and Amend Complaint ¶ 6 ("Motion to Amend") (*Lindley I*, D.E. No. 38). Thus, there is no question that Transamerica is the defendant and real party in interest in both *Lindley I* and *Lindley II*.

### D. Plaintiff's Motion For Leave To Amend The Complaint In *Lindley I*

On January 30, 2009, plaintiff filed a Motion for Leave to Amend his complaint in *Lindley I* in which he sought permission from the court to add class action allegations and to make certain other changes to his complaint. Motion to Amend ¶ 14 (*Lindley I*, D.E. No. 38). On February 24, 2009, Transamerica filed an opposition to the Motion to Amend. *See* Response to Plaintiff's Motion to Join Party-Defendant and Amend Complaint (*Lindley I*, D.E. No. 52). Prior to allowing the court in *Lindley I* to rule on his Motion to Amend, plaintiff filed *Lindley II* on April 6, 2009 in state court. The following day, on April 7, 2009, the plaintiff withdrew his Motion to Amend in *Lindley I* (*Lindley I*, D.E. No. 70), without informing this Court that plaintiff had filed *Lindley II* in state court in Oklahoma County. Transamerica subsequently removed *Lindley II* to the Western District of Oklahoma (*Lindley II*, D.E. No. 1), and the Western District court transferred the action to this Court on July 1, 2009 (*Lindley II*, D.E. No. 27).

---

[7] *See, e.g., Luxliner P.L. Export Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71 (3d Cir. 1993) (Rule 25(c) does not require that anything be done after an interest has been transferred. When a defendant corporation has merged with another corporation, the judgment will be binding on the successor even if the successor is not named in the lawsuit).

5

**II.     ARGUMENT**

Consolidation is appropriate because the Lindley Actions involve identical parties, the exact same Policy, the same facts, and are based on the same legal theories. Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). The purpose of Rule 42 is to avoid duplicative efforts, promote convenience, and conserve judicial resources. *See C.T. v. Liberal Sch. Dist.*, 562 F. Supp. 2d 1324, 1346 (D. Kan. 2008); *Walker v. Loop Fish & Oyster Co.*, 211 F.2d 777, 780-81 (5th Cir. 1954); *Bank of Montreal v. Eagle Assoc.*, 117 F.R.D. 530, 532 (S.D.N.Y. 1987). Moreover, "[a] common factual issue, such as two lawsuits pending in the same court and brought by the same plaintiff, is a sufficient basis for consolidation if combining the two cases will simplify the litigation process." 8 James Wm. Moore *et al.*, *Moore's Federal Practice* ¶ 42.10[1][c][iv] (3d ed.). The trial court has broad discretion in deciding whether to consolidate cases like *Lindley I and Lindley II*. *See Gillette Motor Transport v. Ne. Okla. Butane Co.*, 179 F.2d 711, 712 (10th Cir. 1950). The moving party bears the burden of demonstrating that judicial economy outweighs any possible prejudice or delay. *See Liberal Sch. Dist.*, 562, F. Supp. 2d at 1346; *Bank of Montreal*, 117 F.R.D. at 532.

The Lindley Actions involve the exact same plaintiff, the same defendant, the same Policy, and are based on the same legal theories, undoubtedly establishing the prerequisites for consolidation under Rule 42. *See, e.g, Atwell v. Gabow*, 2007 WL 2993854, at *1 (D.C. Colo. Oct. 10, 2007) (consolidating cases that share the same parties).

Moreover, consolidation will conserve judicial resources. *Lindley I* has been pending for more than one year, and the parties are currently engaged in ongoing discovery and other pre-trial procedures.[8] No legitimate reason exists to require another court, or the parties, to duplicate these efforts. *See, e.g.*, *Liberal Sch. Dist.*, 562 F. Supp. 2d at 1346 (consolidating cases because it would be an undue burden and grossly inefficient to require the parties, witnesses, court, and jurors to conduct multiple trials). Further, failure to consolidate the cases will create a real possibility that the two courts will reach inconsistent rulings. *See, e.g., Anderson v. Wade*, 2007 WL 2934874, at *1 (W.D.N.C. Oct. 5, 2007) (consolidating cases and noting that consolidation will avoid the risk of inconsistent determinations of fact and law); *Bank of Montreal*, 117 F.R.D. at 533 ("One of the primary objectives of consolidation is to prevent separate actions from producing conflicting results.").

A stronger case for consolidation can hardly be imagined as consolidation poses no undue risk to plaintiff. Rather, consolidation will benefit plaintiff as he will not be required to duplicate his efforts of *Lindley I*. Moreover, given that the parties and facts are identical, the Lindley Actions will require the same discovery from the same parties and witnesses, thereby imposing no additional burden on the parties. Both parties retain identical counsel in *Lindley I* and *Lindley II*, which further eliminates potential complications of consolidation. No basis exists for permitting these actions to coexist in separate courts.

WHEREFORE, Defendant Life Investors respectfully requests that this Court transfer *Lindley v. Transamerica Life Insurance Company*, Case No.: 09-cv-429-JHP-PJC (N.D. Okla.)

---

[8] For example, on June 24, 2009, the parties attended a hearing on plaintiff's First Motion to Compel Against Defendant (*Lindley I*, D.E. No. 72) in which Magistrate Judge Cleary issued several rulings (*Lindley I*, D.E. No. 133). Similar hearings would no doubt be duplicated if the Lindley Actions are not consolidated. Moreover, given that the parties in the Lindley Actions are identical, the same parties and witnesses would be the subject of future discovery disputes.

("*Lindley II*") to Chief Judge Eagan and to consolidate the Lindley Actions for discovery and trial purposes.

                                                  Respectfully submitted,

                                                  /s/ Jack L. Brown

| | |
|---|---|
| Markham R. Leventhal | Jack L. Brown, OBA # 10742 |
| ml@jordenusa.com | jbrown@jonesgotcher.com |
| Stephan I. Voudris | Daniel V. Carsey, OBA # 21490 |
| siv@jordenusa.com | dcarsey@jonesgotcher.com |
| Julianna Thomas McCabe | JONES, GOTCHER & BOGAN, P.C. |
| jt@jordenusa.com | 15 East 5th Street, Suite 3800 |
| Irma Reboso Solares | Tulsa, Oklahoma  74103 |
| is@jordenusa.com | Tel:  (918) 581-8200 |
| JORDEN BURT LLP | Fax:  (918) 583-1189 |
| 777 Brickell Avenue, Suite 500 | |
| Miami, Florida  33131 | |
| Tel:  (305) 371-2600 | |
| Fax:  (305) 372-9928 | |

*Attorneys for Defendant*
*Life Investors Insurance Company of America*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2009, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Eric J. Begin, Esq.
McGivern, Gilliard & Curthoys
P.O. Box 2619
Tulsa, Oklahoma 74101-2619
Telephone: (918) 584-3391
Facsimile: (918) 592-2416
ebegin@mcgivernlaw.com

Tony Gould, Esq.
George H. Brown, Esq.
Brown & Gould, PLLC
Suite 510
701 North Broadway
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-4500
Facsimile: (405) 235-4507
tgould@browngouldlaw.com
gbrown@browngouldlaw.com

/s/ Jack L. Brown
Jack L. Brown