**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DENNY LINDLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **BASE FILE** |
| v. ) | Case No. 08-CV-0379-CVE-PJC |
| ) | |
| LIFE INVESTORS INSURANCE ) | Consolidated with |
| COMPANY OF AMERICA, ) | Case No. 09-CV-0429 |
| now known as TRANSAMERICA LIFE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is Defendant Life Investors Insurance Company of America's Motion to Transfer and Consolidate and Memorandum of Law in Support (Dkt. # 144). Defendant asks the Court to consolidate this case, Lindley v. Life Investors Insurance Company of America, 08-CV-379-CVE-PJC (Lindley I), with another pending case that was recently transferred to this Court from the Western District of Oklahoma, Lindley v. Transamerica Life Insurance Company, 09-CV-429-JHP-PJC (Lindley II). Plaintiff does not oppose defendant's motion, as long as consolidation of the cases does not "prejudice or otherwise negatively effect [sic] any of Lindley's class claims.[1] Dkt. # 154, at 2.

**I.**

On May 30, 2008, plaintiff filed this lawsuit in the District Court of Tulsa County, Oklahoma, alleging claims of breach of contract and bad faith against Life Investors Insurance Company of America (Life Investors). Dkt. # 2-4, at 3. Plaintiff had a Cancer Only Policy (the

---

[1] The Court has reviewed defendant's motion to consolidate and plaintiff's response, and finds that it is unnecessary for defendant to reply before the Court rules on defendant's motion.

Policy) with Bankers United Life Assurance Company (Bankers United), and Bankers United subsequently merged into Life Investors. Plaintiff alleged that Life Investors was underpaying his claims for cancer treatment. Plaintiff claims that Life Investors began to reduce plaintiff's claims under the Policy using a revised interpretation of the term "actual charges," and limited plaintiff's recovery under the Policy to the charges actually accepted by a provider from a major medical insurer as full payment. Plaintiff did not allege a specific date when Life Investors began reducing the amount of payments under the Policy, nor did plaintiff limit the relief sought to past unpaid claims only. Life Investors removed the case to this Court based on diversity jurisdiction. Plaintiff filed a motion to remand (Dkt. # 16) the case to state court for lack of subject matter jurisdiction, but the Court denied his motion. Dkt. # 29. Plaintiff asked the Court to reconsider its decision to retain jurisdiction over this case, but the Court denied his motion.

On January 30, 2009, plaintiff filed a motion to amend his complaint to join Transamerica Life Insurance Company (Transamerica), Life Investor's successor-in-interest, as a party and add class action allegations. Dkt. # 38. Defendant opposed plaintiff's motion to amend and pointed out that plaintiff's motion was untimely under the Court's scheduling order. Dkt. # 52, at 1. Defendant also argued that Transamerica was substituted as the party defendant as a matter of law, and it was unnecessary for plaintiff to amend his complaint to join Transamerica as a party. Id. at 6-7. Plaintiff requested an extension of time to file a reply in support of his motion to amend, because he needed additional time to consider defendant's lengthy response. He stated that the request for an extension of time was "sought in good faith, and [was] not interposed for delay of any other improper purpose." Dkt. # 60. Plaintiff requested a second extension of the deadline to file a reply in support of his motion to amend, and the Court extended plaintiff's reply deadline to April 7, 2009.

On April 6, 2009, plaintiff filed Lindley II against Transamerica in state court in Oklahoma County, and he subsequently withdrew his motion to amend in Lindley I. However, plaintiff did not notify this Court that he had filed a second lawsuit addressing the same subject matter. Transamerica removed Lindley II to the Western District of Oklahoma. Plaintiff's claims in Lindley II are identical to his claims in Lindley I, except that he limits his claims in Lindley II to unpaid claims after October 7, 2008, and he includes class action allegations in Lindley II. The proposed class in Lindley II is not limited to persons with claims arising after October 7, 2008, and plaintiff defines the putative class as:

> All Oklahoma policyholders, estates, covered persons and/or beneficiaries who previously and until the date of final disposition of this action:
>
> (a) were insured or otherwise entitled to receive benefits under a guaranteed renewable cancer insurance policy owned, sold, issued, underwritten and/or administered by Transamerica that expressly measures certain benefits payable thereunder by the amount of a provider's "actual charges" for certain covered healthcare goods, services and/or treatments;
>
> (b) made a claim under said policy for benefits which was to be measured by the provider's "actual charges" and which Transamerica ultimately adjusted, approved and paid; and
>
> (c) received payment from Defendants on said claiming in an amount less than the "actual charges" of the provider's covered healthcare goods, services and/or treatments.

Lindley II, Dkt. # 1-4, at 2.

Transamerica filed a motion to transfer Lindley II to the Northern District of Oklahoma, and plaintiff opposed the motion. Judge Stephen P. Friot of the Western District of Oklahoma granted Transamerica's motion to transfer. Lindley II, Dkt. # 27. While a plaintiff's choice of forum is usually entitled to deference, Judge Friot found that none of the events giving rise to plaintiff's claims occurred in the Western District of Oklahoma and plaintiff did not reside in that judicial

3

district. Id. at 2. Judge Friot noted that Lindley I was pending in this Court and stated that this was an "additional factor" supporting transfer of venue. Id. at 4 n.2. He discussed plaintiff's "two noticeably feeble arguments" in opposition to transfer, the location of plaintiff's counsel's office and the size of the Oklahoma City metropolitan area, but found that neither argument justified keeping Lindley II in the Western District of Oklahoma. Id. at 4. Lindley II was transferred to this Court on July 1, 2009, and was randomly assigned to Judge James H. Payne. In Lindley I and Lindley II, defendant filed a motion to consolidate both cases before the undersigned. Lindley I, Dkt. # 144; Lindley II, Dkt. # 32.

While Transamerica's motion to transfer was pending in the Western District of Oklahoma, this Court was considering a motion for partial judgment on the pleadings filed by plaintiff in Lindley I. Plaintiff argued that the term "actual charges" as used in the Policy was ambiguous and it should be construed in favor of the insured. Dkt. # 50. On July 24, 2009, the Court entered an opinion and order (Dkt. # 140) granting plaintiff's motion for partial judgment on the pleadings, and found that "actual charges" should be interpreted to mean "the full amount stated on the bill, rather than a lesser amount that may or may not be accepted by the provider from a separate insurer." Dkt. # 140, at 14. However, this interpretation of actual charges applied to partial denials of claims occurring before November 1, 2006. The Oklahoma Legislature enacted a statute defining "actual charges" as "the amount actually paid by or on behalf of the insured and accepted by a provider for services provided," which statute became effective November 1, 2006. OKLA. STAT. tit. 36, § 3651. The Court did not consider the applicability of § 3651 to plaintiff's claims, but noted that the statute may limit plaintiff's recovery for claims under the Policy filed after November 1, 2006.

4

On August 4, 2009, the undersigned held a status conference to address what issues remained to be resolved in Lindley I and the motions to consolidate filed by Life Investors. At the hearing, counsel for Life Investors stated that Transamerica had been substituted as the party defendant by operation of law under Fed. R. Civ. P. 25(c). Dkt. # 150, at 14. Defense counsel stated that at least two other possible class actions were pending in other courts, and plaintiff was potentially a member of both classes. Plaintiff's counsel claimed that plaintiff had opted out of the putative class action in Arkansas, Runyan v. Transamerica Life Insurance Company, Case No. CV-09-2066-03 (Circuit Court of Pulaski County, Arkansas),[2] and the district court had not ruled on the motion for class certification in Gooch v. Life Investors Insurance Company of America, 07-CV-00016 (M.D. Tenn.). The Court suggested the plaintiff may no longer be an adequate class representative, because his claims in Lindley I are partially adjudicated. Id. at 37. Plaintiff's counsel stated that plaintiff "may not live for trial," but plaintiff still intended to pursue a class action.[3] The parties had numerous unresolved discovery issues and represented to the Court that no depositions had been taken. Id. at 22-25. The parties agreed that the undersigned should rule on the motion to consolidate in Lindley I before entering a new scheduling order, because consolidation would potentially expand the scope of the case. Id., at 33-34. Plaintiff's counsel acknowledged that the same policy is at issue

---

[2] Life Investors has submitted a copy of plaintiff's notice to opt out of the settlement class in Runyan. Plaintiff purports to opt out of the settlement on behalf of himself and all potential members of the putative class in Lindley II. Dkt. # 148, Ex. 1. While plaintiff may choose to opt out on his own behalf, his notice to opt out does not suggest that he had authority to opt out of the class on behalf of any other person.

[3] Plaintiff's counsel also rejected the Court's offer of an early settlement conference and possible substitution of a new class representative, but plaintiff's counsel stated that he did not know of any other similarly situated individuals that could serve as a class representative. Id. at 37-38.

5

in both cases, but claimed that plaintiff had a right to bring two separate cases under Oklahoma law. Id. at 15.

## II.

Defendant asks the Court to consolidate Lindley II with Lindley I for pretrial activities and trial, because both cases involve the same parties, the same Policy, and the same substantive claims. Dkt. # 144, at 2-4. Plaintiff does not oppose consolidation unless consolidating the cases would impair his ability to serve as a class representative. Dkt. # 154, at 5. However, he claims that consolidation is not necessary because there are distinctions between the cases that would allow each case to proceed separately. Id. at 3-4.

A district court has the discretion to consolidate separate actions for pretrial proceedings or trial if the cases involve a common issue of law or fact. Fed. R. Civ. P. 42(a); American Emp. Ins. Co. v. King Resources Co., 545 F.2d 1265 (10th Cir. 1976); Skirvin v. Mesta, 141 F.2d 668, 672 (10th Cir. 1944). The objective of Rule 42(a) is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." Breaux v. American Family Mut. Ins. Co., 220 F.R.D. 366, 367 (D. Colo. 2004). Courts generally consider "the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense" caused by consolidation. C.T. v. Liberal School Dist., 562 F. Supp. 2d 1324, 1346 (D. Kan. 2008). Consolidation of cases under Rule 42 does not strip either case of its independent character, and each case retains its separate identity. Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496-97 (1933); Patton v. Aerojet Ordnance Co., 765 F.2d 604 (6th Cir. 1985). The party requesting consolidation bears the burden

6

to show that judicial economy is outweighed by the possibility of delay or prejudice to the opposing party. Bank of Montreal v. Eagle Associates, 117 F.R.D. 530, 532 (S.D.N.Y. 1987).

The Court has reviewed the pleadings in both cases and the arguments of the parties, and finds that consolidation under Rule 42(a) is appropriate. Both cases concern the same parties and the payment of benefits under the same Policy. In fact, both cases involve payment of the same claims under the Policy and there is substantial overlap between the two cases. Plaintiff alleges claims of breach of contract and bad faith in both cases, and the same legal and factual issues will have to be resolved in Lindley I and Lindley II. Plaintiff claims that each case is against a different defendant. While this nominally appears to be true, the Court clarified at the status conference that Transamerica has been substituted as the proper defendant by operation of law under Rule 25(c), and plaintiff's claims in Lindley I are treated as if they were originally filed against Transamerica.[4] Plaintiff argues that his claims in each case are temporally distinct and he is permitted to maintain both actions under Oklahoma law. Assuming for the purpose of this motion only that plaintiff's assertion is true, plaintiff does not deny that both cases are based on breach of the same Policy and require the Court to resolve the same legal issues. He argues that his claims in Lindley I are limited to those claims partially denied before October 2, 2008, and he is attempting to recover for claims arising after October 2, 2008 only in Lindley II. However, his complaint in Lindley I does not make this distinction, and his proposed class definition in Lindley II does not include a time limitation.

---

[4]  Plaintiff claims that Life Investors has refused to produce discovery on the basis that Transamerica is a separate company, and Life Investors convinced Magistrate Judge Paul J. Cleary to adopt this position. See Dkt. # 133, at 4. However, the magistrate judge actually denied plaintiff discovery because his motion to compel sought discovery that had not been requested, and defendant has not argued that Life Investors and Transamerica are separate companies. Id. at 5.

7

Thus, separate cases before separate judges would create a substantial risk of inconsistent or multiple adjudications on the same set of facts. Although plaintiff attempts to point out differences between the two cases, any differences are minimal and will not defeat the judicial economy gained by consolidation.

Plaintiff claims that the Court may not consolidate the cases if it would deprive him of the "right" to be a class representative. However, this concern is irrelevant and has no bearing on the Court's ruling on defendant's motion to consolidate. While the Court must vigorously protect the rights of absent class members, plaintiff does not have a right to file and maintain a class action. See Ortiz v. Fibreboard, 527 U.S. 815, 846 (1999); Hansberry v. Lee, 311 U.S. 32, 42-43 (1940). The primary purpose of a class action is to resolve numerous pending claims efficiently, rather than to promote the interests of a particular plaintiff or his attorney in bringing a class action. See Andrews v. Chevy Chase Bank, 545 F.3d 570, 577 (7th Cir. 2008); Reeb v. Ohio Dep't of Rehabilitation and Correction, 435 F.3d 639, 650 (6th Cir. 2006); Allison v. Citgo Petroleum Corp., 151 F.3d 402, 410 (5th Cir. 1998). If it becomes clear that class certification is appropriate but plaintiff is not a suitable class representative, plaintiff may pursue his individual claims to completion and a new class representative may be substituted. Even if plaintiff believes that consolidation of Lindley I and Lindley II may adversely affect his chances of class certification, this is not a reason to deny defendant's motion to consolidate.

The proper course of action would have been for plaintiff to await a ruling on his motion to amend in Lindley I, rather than to withdraw the motion and file a separate lawsuit seeking the same relief in state court in another county. The fact that Life Investors opposed plaintiff's motion to amend did not make it proper for him to file a duplicative lawsuit in another jurisdiction. Defendant

has established that both cases involve the same Policy, the same partially denied claims under the Policy, and the same legal claims. Although plaintiff has styled Lindley II as a putative class action, the benefits of trying the cases together substantially outweighs the expense of duplicative discovery and motion practice and the risk of inconsistent judgments if the cases were tried separately. Therefore, the Court finds that the cases should be consolidated for pretrial activities and trial.

**IT IS THEREFORE ORDERED** that Defendant Life Investors Insurance Company of America's Motion to Transfer and Consolidate and Memorandum of Law in Support (Dkt. # 144) is **granted**.

**IT IS FURTHER ORDERED** that the Court Clerk is directed to **transfer** Case No. 09-CV-429-JHP-PJC to the undersigned as a related case.

**IT IS FURTHER ORDERED** that:

1. Case Nos. 08-CV-379-CVE-PJC and 09-CV-429-JHP-PJC are **consolidated** in their entirety.
2. Case No. 08-CV-379-CVE-PJC is designated as the **Base File**.
3. All further pleadings, motions and other documents shall bear only the title and designation of Case No. 08-CV-379-CVE-PJC with the words "Base File" written below the case number, and all pleadings shall be **filed in the Base File only**.
4. This Opinion and Order shall be filed in both Case Nos. 08-CV-379-CVE-PJC and 09-CV-429-JHP-PJC.

**IT IS FURTHER ORDERED** that the parties shall correct the case caption on future pleadings consistent with this Opinion and Order.

**IT IS FURTHER ORDERED** that the parties are directed to submit an amended joint status report no later than **August 28, 2009**.

**DATED** this 20th day of August, 2009.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT