**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DENNY LINDLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **BASE FILE** |
| v. ) | Case No. 08-CV-0379-CVE-PJC |
| ) | |
| LIFE INVESTORS INSURANCE ) | Consolidated with |
| COMPANY OF AMERICA, ) | Case No. 09-CV-0429 |
| now known as TRANSAMERICA LIFE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is Defendant Life Investors' Motion to Stay Class Action Allegations and Memorandum of Law in Support (Dkt. # 164).  Defendant asks the Court to stay proceedings on plaintiff's class allegations pending a fairness hearing of a possible nationwide class settlement in Runyan v. Transamerica Life Insurance Company, Case No. CV-09-2066-03 (Circuit Court of Pulaski County, Arkansas).  Plaintiff argues that the settlement is unfair to class members and would violate Oklahoma law, and he should be permitted to proceed with a separate class action for Oklahoma residents regardless of the potential class settlement of Runyan.

On May 30, 2008, plaintiff filed this case in state court against Life Investors Insurance Company of America (Life Investors), alleging that Life Investors breached an insurance contract and acted in bad faith.  Dkt. # 2-4, at 3. Life Investors removed the case to this Court.  Plaintiff filed a motion to remand based on lack of subject matter jurisdiction.  Dkt. # 16.  Plaintiff's motion to remand, as well as his subsequent motion to reconsider, were denied.  See Dkt. ## 24, 29.  On January 30, 2009, plaintiff filed a motion to amend his complaint to include class allegations (Dkt. # 38), but the motion was filed after the deadline for amendment to the pleadings in the scheduling

order. Life investors opposed plaintiff's motion to amend on the grounds that it was untimely and futile. Instead of waiting for a ruling on his motion to amend, plaintiff filed a separate lawsuit in Oklahoma County District Court alleging the same claims against Transamerica Life Insurance Company (Transamerica), Life Investors' successor-in-interest, and sought certification of a statewide class on both claims. Transamerica removed the case to the Western District of Oklahoma. See Lindley v. Transamerica Life Ins. Co., 09-CV-429-CVE-PJC (Lindley II). The Western District transferred Lindley II to the Northern District of Oklahoma. The undersigned consolidated both cases, and designated this case as the base file for all future pleadings. Dkt. # 160.

Before plaintiff's cases were filed, Life Investors was litigating several cases, including putative class actions, involving the same factual and legal issues in state and federal courts across the country. One of the first cases was Pipes v. Life Investors Insurance Company of America, 07-CV-35-SWW (E.D. Ark.), and plaintiff's counsel in Pipes subsequently filed five other similar cases in Arkansas, Mississippi, Michigan, and Louisiana. The Pipes court denied the plaintiff's motion for class certification, but the parties continued to negotiate a nationwide class settlement. The parties reached a class settlement and plaintiff's counsel in Pipes agreed to file a class action complaint in Runyan, a case involving similar claims pending in the Circuit Court of Pulaski County, Arkansas. The court preliminarily certified a settlement class and set a fairness hearing for July 27, 2009. Transamerica sent notice to all potential class members, and 18 potential class members objected to the settlement. Five of those objections were withdrawn before the fairness hearing and, out of 250,136 class members notified of the proposed settlement, 13 class members object to the settlement. Denny Lindley has opted out of the proposed settlement class and has filed an objection to the proposed settlement.

The plaintiffs in each case against Life Investors or Transamerica allege that the defendants breached a supplemental cancer insurance policy based on a dispute over the meaning of the term "actual charges." Life Investors instituted a new claims policy in 2006 interpreting actual charges to mean charges actually "being paid to and accepted as payment by the healthcare provider," see Dkt. # 140, while the plaintiffs argue that actual charges means the amount stated on the patient's bill. Life Investors paid the plaintiffs the lesser amount actually accepted by the provider. In each case, the plaintiffs seek to recover the difference between the lesser amount accepted by the provider and the billed amount, as well as compensatory and punitive damages for alleged bad faith. The settlement agreement in Runyan provides each class member a cash payment of 40% of the difference between the billed and lesser amounts up to $15,000. Dkt. # 164, Ex. 2(A), at 17. The settlement agreement states that all future payments for "actual charges" will be based on the amounts actually accepted by the provider as full payment. Transamerica has agreed to a one year freeze of premiums and will triple the maximum allowable benefit permitted under subject policies for "chemotherapy, radiation therapy, or blood benefits." Id. at 19, 20. Plaintiff's counsel in Runyan will receive a payment of $3.5 million. Life Investors claims that "[v]irtually all efforts to oppose the Settlement have been orchestrated by a handful of plaintiff's counsel in certain competing or overlapping class actions," and the settlement was reached through extensive arms-length negotiations. Dkt. # 164, at 8.

Before the fairness hearing, plaintiff's counsel in another pending case against Life Investors attempted to enjoin the Runyan court from proceeding. In Gooch v. Life Investors Insurance Company of America, Case No. 07-CV-16 (M.D. Tenn.), the plaintiff's attorney filed a motion to enjoin the parties in Runyan from proceeding with the fairness hearing, and the motion was granted.

Lindley's attorney, Anthony Gould, requested and received permission to appear in Gooch and argue in support of an injunction. As a result of the injunction, Life Investors' counsel did not appear at the fairness hearing on July 27, 2009 and the settlement was not approved. However, Life Investors filed a petition for a writ of mandamus and a motion for an emergency stay of the injunction in the Sixth Circuit Court of Appeals. Dkt. # 164, Ex. 5. The Sixth Circuit granted the motion to stay the injunction and set an expedited briefing schedule on Life Investor's request for a writ of mandamus dissolving the injunction. Id., Ex. 6.

The Runyan court has reset the fairness hearing for November 9, 2009 in light of the Sixth Circuit's order staying the injunction. Dkt. # 196, Ex. A. Plaintiff has obtained permission to file a brief and appear through counsel at the fairness hearing, even though he has opted out of the class. Other federal courts with similar cases have stayed discovery and briefing on class allegations until the fairness hearing in Runyan is concluded and that court determines whether the class settlement will be approved. See Dkt. # 164, Ex. 1 (collecting orders from six federal cases staying class allegations pending the fairness hearing in Runyan). However, plaintiff argues that four federal courts have declined to stay class allegations, and are proceeding with class discovery and briefing on class certification in similar cases. See Smith v. Life Investors Ins. Co. of America, 2009 WL 2045197 (W.D. Pa. July 9, 2009); Dkt. # 188, Exs. 3, 4, 5. However, plaintiff fails to note that two of the cited orders have been stayed by appellate courts, and are not currently enforceable. Dkt. # 164, Ex. 6; Dkt. # 196, Ex. C.

This Court has the inherent authority to control its docket, which includes the power to stay cases in the interests of judicial economy. United Steelworkers of America v. Oregon Steel Mills, Inc., 322 F.3d 1222, 1227 (10th Cir. 2003). "The power to stay proceedings is incidental to the

power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936); see also Kittel Union Mortgage Corp., 303 F.3d 1193 (10th Cir. 2002) (exercising inherent power to stay appeal when state court ruling on a pending motion would render the Tenth Circuit's decision advisory in nature).

It is clear that approval or rejection of the Runyan settlement will have a significant impact on this Court's decision to certify a class. If the settlement is approved, it is likely that many putative members of plaintiff's proposed class will be members of the settlement class, and the doctrine of res judicata will bar relitigation of their claims in this Court. If the settlement is not approved, plaintiff may have a stronger argument for class certification, at least as to numerosity under Rule 23(a)(1), and he may have a legitimate basis to request class discovery. Plaintiff argues that the proposed settlement is "grossly unfair and plainly unlawful," that it provides "inadequate and illusory relief to class members," and that defendant approached "ineffectual" attorneys with an offer of a $3.5 million attorney fee to settle for pennies on the dollar. Dkt. # 188, at 10, 13. These are matters for the Arkansas courts to decide, and the Court will not consider the fairness of the proposed settlement. Plaintiff has objected to the proposed settlement and has obtained leave to appear at the fairness hearing in Runyan, and that is the appropriate forum for plaintiff's arguments concerning the fairness of the proposed settlement. Plaintiff also argues that the settlement agreement is unenforceable as to Oklahoma residents, because the settlement would violate Oklahoma law. Dkt. # 188, at 21. The Court declines to consider this argument, because it is not relevant to defendant's motion to stay plaintiff's class allegations.

It would be premature to allow plaintiff to proceed with his class claims until the Runyan court conducts a fairness hearing and makes a final decision on approval of the proposed settlement. Plaintiff's arguments in opposition to a stay are exaggerated, and he has not raised a credible argument that staying his class allegations will harm his substantive rights. Staying the class allegations will not "place this entire case in judicial purgatory until final resolution of [Runyan]." Dkt. # 188, at 24-25. Plaintiff will be permitted to proceed with his individual claims and plaintiff's concerns of multiple trials and unspecified due process violations are unfounded. Id. at 22-25. Contrary to plaintiff's assertions, a limited stay of his class claims is not the equivalent of declining jurisdiction or abstaining, and Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976), is not applicable. A brief stay of the class allegations to allow the Runyan court to hold a fairness hearing will conserve defendant's resources by preventing duplicative and expensive class discovery. A stay will also conserve the Court's resources by deferring consideration of plaintiff's request for class certification until the parties are in a better position to brief the issue of class certification.

Plaintiff has a legitimate concern about the length of a stay of his class allegations, but defendant has satisfactorily addressed plaintiff's concerns that Runyan is not proceeding expeditiously. The fairness hearing has been reset for November 9, 2009, and this is a month away. This short stay of class discovery and briefing will not prejudice plaintiff. While his class allegations are stayed, plaintiff may continue to conduct discovery on his individual claims, and there is no reason to believe that the stay of plaintiff's class allegations will be lengthy.

The Court has also reviewed the amended joint status report (Dkt. # 170), and will enter a amended scheduling order based on a April 2010 trial date. This will provide the parties adequate

time to complete discovery on plaintiff's individual claims and draft dispositive motions before trial. The Court will not set a new deadline for joining parties or amending pleadings, as requested by plaintiff, because the case has been pending since May 30, 2008 and plaintiff has been given ample time to conduct discovery and request leave to file an amended complaint. Depending on approval or rejection of the proposed settlement in Runyan, the Court will consider amending the scheduling order to permit class discovery and briefing.

**IT IS THEREFORE ORDERED** that Defendant Life Investors' Motion to Stay Class Action Allegations and Memorandum of Law in Support (Dkt. # 164) is **granted**. **Defendant shall notify the Court within five (5) days of approval or rejection of the proposed settlement in Runyan.**

**IT IS FURTHER ORDERED** that an amended scheduling order shall be entered forthwith.

**DATED** this 9th day of October, 2009.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT