IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DENNY LINDLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-CV-379-CVE-PJC |
| ) | |
| LIFE INVESTORS INSURANCE ) | |
| COMPANY OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court for determination is Plaintiff's Fifth Motion to Compel [Dkt. No. 155].

Plaintiff's Fifth Motion to Compel seeks information regarding Life Investor's knowledge of and/or participation in the passage of Oklahoma's Actual Charges statute, 36 O.S. § 3651.

RFP No. 12 seeks any document relating to any communication between Life Investors and any person that relates to any proposed or actual legislation defining the phrase "actual charges."

RFP No. 23 is broader, seeking each document "including each communication relating to any proposed, pending or passed state or federal legislation and/or administrative rule making proceedings that concern the interpretation, construction, definition, application and/or permissive use of the term "actual charges" within any supplemental, limited benefit or specified disease insurance policy."

1

Defendant objects to these requests as overly broad and unduly burdensome. Defendant states that the requests relate to insurance policies that are not at issue in this case and are not reasonably limited to a time frame relevant to this case. Defendant also contends that many responsive documents are privileged attorney-client communication. Plaintiff contends that Defendant has waived any such privilege claim by asserting a counterclaim for declaratory judgment seeking a determination that its conduct was reasonable and in good faith.

The Court finds the requests over-broad as written. Some courts have found use of the phrase "relating to" or "concerning" to be overbroad when used with a general category or a broad range of documents. *See Cohlmia v. Ardent Health Services, LLC*, 2008 WL 4925764, *6 & n.11 (N.D.Okla. Nov. 14, 2008); *Aikens v. Deluxe Financial Services, Inc.*, 217 F.R.D. 533, 538 & n. 23 (D.Kan. 2003); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 665-66 (D.Kan. 1999). Here, the problem of vagueness is compounded by multiple "relating to" phrases in each request. More important, the documents sought are not limited temporally or geographically; nor is the request limited to the Oklahoma statute at issue. The RFPs No. 12 and 23 are overly broad, vague and do not identify the information sought with the reasonable particularity required by Fed. R. Civ. P. 34(b)(1)(A). The combined effect is to render it impossible for Defendant to determine what documents are responsive to this request. Plaintiff has made no offer to limit the scope of this request; accordingly, the Fifth Motion to Compel is **DENIED**.

DATED THIS 9th day of November 2009.

*Paul J. Cleary*
Paul J. Cleary
United States Magistrate Judge