### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DENNY LINDLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **BASE FILE** |
| v. ) | **Case No. 08-CV-0379-CVE-PJC** |
| ) | |
| LIFE INVESTORS INSURANCE ) | Consolidated with |
| COMPANY OF AMERICA, ) | **Case No. 09-CV-0429-CVE-PJC** |
| now known as TRANSAMERICA LIFE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

### OPINION AND ORDER

Now before the Court is Life Investors Insurance Company of America's Objections to Magistrate's November 5, 2009 Discovery Order (Dkt. # 267). Defendant asks the Court to set aside a discovery ruling by Magistrate Judge Paul J. Cleary ordering defendant to produce evidence of the payment differential between the higher billed amount of claims and the actual charges paid by defendant for all insured Oklahoma residents after April 1, 2006.

### I.

Bankers United Life Assurance Company (Bankers United) issued a cancer-only insurance policy (the Policy) to Denny Lindley in 1995. Bankers United merged into Life Investors Insurance Company of America (Life Investors), now known as Transamerica Life Insurance Company (Transamerica), Life Investor's successor-in-interest. The Policy is a supplemental, cancer-only insurance policy and the Policy pays Lindley the "actual charges" for his cancer treatment. Lindley was diagnosed with cancer in February 2001, and he began submitting claims under the Policy for reimbursement of his medical expenses for cancer treatment. From February 2001 to April 1, 2006, Lindley submitted claims based on the amount his medical provider billed primary healthcare

insurer, and Life Investors paid the claims in the amount requested by Lindley. In April 2006, Life Investors instituted a new claims handling procedure and informed plaintiff that it would pay him only the "actual charges" being paid for the services. Instead of paying the amount billed to Lindley's primary healthcare insurer, Life Investors would pay Lindley the amount actually accepted by his medical providers as full payment for the services rendered.

Lindley filed this lawsuit alleging that Life Investors breached the Policy and acted in bad faith by refusing to pay him the higher amount stated on his medical bills, even if his medical providers accepted something less than the actual billed amount as full payment. The parties conducted discovery on plaintiff's claims and numerous discovery disputes have arisen. In his second set of interrogatories, requests for production, and requests for admission, Lindley asked Life Investors to:

> Identify the total difference between the following amounts:
>
> (a) the total amount of money You have paid to date in benefits on all Actual Charge Claims to Oklahoma residents since the 2006 Change; and
>
> (b) the total amount of money you would have paid in benefits to Oklahoma residents to date had You not implemented the 2006 Change or otherwise processed, adjusted, calculated or paid Actual Charge Claims.

Dkt. # 145, Ex. 1, at 6. Defendant objected to this interrogatory on the grounds that the information sought was irrelevant and the discovery request was overly broad and unduly burdensome. Id., Ex. 6, at 3.

Plaintiff filed a motion to compel defendant to respond to this interrogatory and asserted that this information was relevant to his claim for punitive damages. Plaintiff claims that he may be entitled to punitive damages up to the amount of the "financial benefit derived" by defendant's conduct to plaintiff and others, and it is necessary to know the gain defendant derived from its

allegedly unlawful conduct to determine the "cap" on punitive damages. Dkt. # 145, at 22. He also claims that the requested discovery is relevant to the issue of defendant's reprehensibility when determining if any award of punitive damages is appropriate. Defendant responded that it would be forced to manually review each claim submitted since April 1, 2006 to calculate the difference between the higher billed amount and actual charges, and this would require several weeks of its employees' time. Dkt. # 162, at 4-6. Defendant argued that the evidence had little or no relevance to any issue in this case, and the burden of producing the evidence would outweigh the usefulness of complying with plaintiff's discovery request.

The magistrate judge found that the requested information was relevant to plaintiff's demand for punitive damages, and granted plaintiff's motion to compel. Dkt. # 247. He noted defendant's concern that plaintiff's discovery request was overly broad and unduly burdensome, but found that this did not prevent discovery of the information sought by plaintiff. However, the magistrate judge did not require defendant to respond to plaintiff's interrogatory until two weeks before trial. Id. at 2.

On February 22, 2010, the Court entered an opinion and order (Dkt. # 300) granting in part and denying in part defendant's motion for summary judgment. The Court found that defendant reasonably relied on OKLA. STAT. tit. 36, § 3651 when reducing payment on plaintiff's insurance claims for treatment provided after November 1, 2006, and entered partial summary judgment for defendant on plaintiff's breach of contract and bad faith claims for any reduction of plaintiff's insurance claims after November 1, 2006. However, the Court had previously determined that plaintiff was entitled to judgment on the pleadings on his breach of contract claim for any treatment provided between April 1 and November 1, 2006. Dkt. # 140. Plaintiff may also proceed on his bad

3

faith claim as to any treatment between April 1 and November 1, 2006. This means that plaintiff's bad faith claim, and any potential award of punitive damages, must be based on defendant's conduct related to these claims, because defendant's reduction of plaintiff's insurance claims for treatment after November 1, 2006 was not a breach of contract or an act of bad faith.

**II.**

Defendant has appealed the magistrate judge's order requiring it to disclose the difference between the amount actually paid to Oklahoma insureds under the statutory definition of actual charges and the amount that would have been paid if defendant continued to pay claims based on the higher billed amount. Defendant raises four objections to the magistrate judge's order: (1) the information plaintiff seeks is not relevant to his claim for punitive damages; (2) plaintiff's discovery request does not actually measure the "financial benefit derived" from defendant's conduct; (3) requiring the requested discovery would impose an undue burden on defendant; and (4) the magistrate judge failed to consider the impact of § 3651 when ordering the discovery. Dkt. # 267. Plaintiff responds that defendant has not shown that the magistrate judge's order was clearly erroneous or contrary to law, and the Court should deny defendant's appeal.

Federal magistrate judges may hear and determine any pretrial matter that is not dispositive of the case and must enter a "written order setting forth the disposition of the matter." 28 U.S.C. § 636(b)(1); Phillips v. Beierwaltes, 466 F.3d 1217, 1222 (10th Cir. 2006). Fed. R. Civ. P. 72(a) provides that an order of the magistrate judge on a pretrial matter that is not dispositive shall be set aside or modified only if the order is found to be clearly erroneous or contrary to the law. Defendant's appeal was filed before December 1, 2009, and it is governed by the version of Rule 72(a) in effect at that time. When defendant's appeal was filed on November 23, 2009, defendant

4

had ten days to appeal the magistrate judge's ruling on a non-dispositive matter. Plaintiff initially objected to the timeliness of defendant's appeal. Dkt. # 281, at 2-3. However, plaintiff has withdrawn this objection and states that he does not dispute that defendant's appeal of the magistrate judge's November 5, 2009 order is timely. Dkt. # 286, at 2.

In light of this Court's ruling on defendant's motion for summary judgment, much of the discovery compelled by the magistrate judge is irrelevant and defendant should not be required to produce all of the discovery ordered by the magistrate judge. Plaintiff may seek discovery of any "relevant" information, meaning that the plaintiff's discovery request must be "reasonably calculated to lead to discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Any "payment differential" between the higher billed amount requested by an insured and the actual charges paid by defendant for treatment provided after November 1, 2006 is no longer relevant, because the Court has determined that defendant properly reduced payment on claims to the amount actually accepted by a medical provider in compliance with § 3651 after November 1, 2006. Thus, there is no reason to permit discovery concerning payment differential for any treatment after November 1, 2006.

Plaintiff claims the requested discovery is relevant to defendant's reprehensibility for determining whether punitive damages should be awarded and the amount of punitive damages. Plaintiff assumes that he will be entitled to punitive damages for the "increased financial benefit derived by the defendant." See OKLA. STAT. tit. 23, § 9.1.C. This requires plaintiff to show that defendant "has intentionally and with malice breached its duty to deal fairly and act in good faith

5

with its insured." This is a very high standard[1] and, assuming that punitive damages will be submitted to the jury, it is far more likely that any award of punitive damages will be based on the "reckless disregard" standard and limited by the caps imposed by § 9.1.B.[2] Plaintiff also assumes that he can recover punitive damages for defendant's entire course of conduct, including for harm to all Oklahoma residents with a similar insurance policy. See Dkt. # 281, at 5. Under Philip Morris USA v. Williams, 549 U.S. 346 (2007), the Court must ensure that the jury does not consider harm to third parties when determining the amount of punitive damages, even though this evidence may be admissible to show defendant's reprehensibility, because it would violate the Due Process Clause of the Fourteenth Amendment to impose punitive damages for harm to persons that are not parties to this case. While evidence of payment differential may be relevant to defendant's reprehensibility, this evidence has little or no relevance to the amount of punitive damages. However, the magistrate judge found that the requested discovery is relevant to plaintiff's demand for punitive damages, and this conclusion was not clearly erroneous or contrary to law.

Defendant argues that the limited relevance of the evidence does not outweigh the burden that would be imposed by requiring it to comply with plaintiff's discovery request. Defendant has provided the affidavit of James A. Byrne, the Director of Claims Analysis for Transamerica and the

---

[1] For the Court to submit punitive damages to the jury under § 9.1.C, plaintiff would have to prove by clear and convincing evidence that defendant acted with "hatred, spite, or ill-will, or else the doing of a wrongful act intentionally without just cause or excuse." Oklahoma Uniform Jury Instructions No. 5.6.

[2] Defendant argues that the requested discovery does not measure the financial benefit derived by defendant, because plaintiff does not account for a reduction in premiums to other policy holders. Dkt. # 267, at 6. As the Court has found it unlikely that plaintiff will be entitled to punitive damages under § 9.1.C, defendant's argument that plaintiff's discovery request does not measure defendant's financial benefit does not provide a basis to set aside the magistrate judge's order.

former Director of Claims Analysis for Life Investors, and Byrne states that approximately 104 Oklahoma residents with insurance policies similar to plaintiff's Policy made claims for treatment after April 1, 2006. Dkt. # 162, Ex. B, at 3. He states that 975 claims have been submitted by these 104 Oklahoma residents and it would take weeks to review the individual claims to determine the difference between the amount paid by defendant and the higher billed amount, if any, for each claim. Id. at 3-4. Byrne's affidavit does not specify how many claims were submitted for treatment between April 1 and November 1, 2006, but it is reasonable to assume that the number of claims is significantly less than 975. Thus, any undue burden imposed by plaintiff's discovery request has been lessened by the Court's summary judgment ruling and the corresponding limitation on the scope of fact discovery. The magistrate judge's finding concerning the relevance of the requested discovery is not clearly erroneous or contrary to law, and the Court declines to set aside his order in its entirety. Defendant is required to comply with the magistrate judge's order to the extent that it encompasses insurance claims submitted by Oklahoma residents for treatment between April 1 and November 1, 2006.

**IT IS THEREFORE ORDERED** that Life Investors Insurance Company of America's Objections to Magistrate's November 5, 2009 Discovery Order (Dkt. # 267) is **granted in part** and **denied in part**, and the magistrate judge's order (Dkt. # 247) is **modified**. Defendant is required to comply with the magistrate judge's order and calculate the payment differential for claims submitted by Oklahoma residents for treatment between April 1 and November 1, 2006, but defendant has no obligation to calculate the payment differential for claims for treatment after November 1, 2006.

**DATED** this 22nd day of February, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT