## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DENNY LINDLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **BASE FILE** |
| v. | ) | **Case No. 08-CV-0379-CVE-PJC** |
| | ) | |
| LIFE INVESTORS INSURANCE | ) | **Consolidated with** |
| COMPANY OF AMERICA, | ) | **Case No. 09-CV-0429-CVE-PJC** |
| now known as TRANSAMERICA LIFE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is Life Investors Insurance Company of America's Motion to Dismiss or Eliminate Plaintiff's Class Action Allegations (Dkt. # 287) due to the settlement of a nationwide class action encompassing the claims of plaintiff's putative class. Plaintiff responds that the settlement does not bar any Oklahoma residents from asserting claims against defendant because the due process rights of absent class members were violated by certification of the settlement class. He asks the Court to deny defendant's motion to dismiss and allow him to proceed with class discovery in this case.

## I.

On May 30, 2008, plaintiff filed this case in state court against Life Investors Insurance Company of America (Life Investors), alleging that Life Investors breached an insurance contract and acted in bad faith by reducing the amount paid on plaintiff's claims under a cancer-only insurance policy to the amount actually accepted by his medical providers as full payment, instead of the higher amount billed to plaintiff's primary health care insurer by his medical providers. Dkt. # 2-4, at 3. Life Investors removed the case to this Court. Plaintiff filed a motion to remand based

on lack of subject matter jurisdiction.  Dkt. # 16.  Plaintiff's motion to remand, as well as his subsequent motion to reconsider (Dkt. # 26), were denied.  See Dkt. ## 24, 29.  On January 30, 2009, plaintiff filed a motion to amend his complaint to include class allegations (Dkt. # 38), but the motion was filed after the deadline for amendment to the pleadings in the scheduling order.  Life investors opposed plaintiff's motion to amend on the grounds that it was untimely and futile.  Instead of waiting for a ruling on his motion to amend, plaintiff filed a separate lawsuit in Oklahoma County District Court alleging the same claims against Transamerica Life Insurance Company (Transamerica), Life Investors' successor-in-interest, and he sought certification of a statewide class on his claims of breach of contract and bad faith.[1]  Transamerica removed the case to the Western District of Oklahoma.  See Lindley v. Transamerica Life Ins. Co., 09-CV-429-CVE-PJC (Lindley II).  The Western District transferred Lindley II to the Northern District of Oklahoma.  The two cases were consolidated and this case was designated as the base file for all future pleadings.  Dkt. # 160.

Before plaintiff's cases were filed, Life Investors was litigating several cases, including putative class actions, involving the same factual and legal issues in state and federal courts across the country.  One of the first cases was Pipes v. Life Investors Insurance Company of America, 07-CV-35-SWW (E.D. Ark.), and plaintiff's counsel in Pipes subsequently filed five other similar cases in Arkansas, Mississippi, Michigan, and Louisiana.  The Pipes court denied the plaintiff's motion for class certification, but the parties continued to negotiate a nationwide class settlement.  The parties reached a class settlement and plaintiff's counsel in Pipes agreed to file a class action

---

[1]     To maintain consistency with prior opinions and orders and the parties' filings, the Court will refer to the defendant as "Life Investors" unless a specific action was taken by Transamerica.

complaint in <u>Runyan v. Transamerica Life Insurance Company</u>, Case No. CV-09-2066-03 (Circuit Court of Pulaski County, Arkansas), a case involving similar claims.  The <u>Runyan</u> court preliminarily certified a settlement class and set a fairness hearing for July 27, 2009.  On May 14, 2009, Transamerica sent notice to all potential class members.  However, counsel for Transamerica did not appear at the July 27, 2009 fairness hearing, because plaintiff's counsel in another pending case, <u>Gooch v. Life Investors Insurance Company of America</u>, Case No. 07-CV-16 (M.D. Tenn.), filed a motion to enjoin the parties in <u>Runyan</u> from proceeding with the proposed class settlement.  The <u>Gooch</u> court granted the motion for injunctive relief and enjoined Life Investors from proceeding with the <u>Runyan</u> settlement.  Life Investors filed a petition for writ of mandamus to the Sixth Circuit Court of Appeals and asked the Sixth Circuit to stay the district court's order granting the plaintiff's motion for injunctive relief.  The Sixth Circuit stayed the district court's injunction and set an expedited briefing schedule.  Dkt. # 164, Ex. 6, at 2-3.  Life Investors argued that the injunction violated the Anti-Injunction Act, 28 U.S.C. § 2283.  The Sixth Circuit reversed the district court's decision and vacated the injunction and, in relevant part, stated:

> Even if we were inclined to expand our interpretation of the scope of the "in aid of jurisdiction" exception to the Anti-Injunction Act, we do not see this case as being an appropriate candidate for such an extraordinary move because of the combined impact of two critical facts.  First, the *Runyan* class action is an opt-out class action and, indeed, Gooch has opted out of the settlement.  Thus, it is impossible for the *Runyan* settlement to affect Gooch's rights or claims.  Second, despite the motion for class certification pending for well over two years now, the district court still has not certified a class.  Where a district court has not certified a class, it necessarily follows that the court has no cause to take extraordinary injunctive measures to protect the interests of a class.  When there is no risk of harm to a party's rights and no risk of harm to the rights of a class that does not exist, we see no reason to extend the reach of the All Writs Act beyond our prior precedents.

<u>In re Life Investors Ins. Co. of America</u>, 589 F.3d 319, 331-32 (6th Cir. 2009).

3

On August 24, 2009, Life Investors filed a motion to stay plaintiff's class allegations in this case (Dkt. # 164) until proceedings on the class settlement were completed in Runyan. Plaintiff objected to Life Investor's motion on the grounds that the settlement agreement was unfair to class members and Life Investors had not carried its burden when seeking a stay of this case. The Court granted Life Investor's motion to stay plaintiff's class allegations and ordered Life Investors to notify the Court within five days of final approval of the Runyan settlement. Dkt. # 200.

The Runyan court gave notice to potential class members that a hearing for final approval of the settlement would be held on November 9, 2009, and 18 class members filed objections to the settlement before the hearing. Nine objectors argued in opposition to the settlement at the November 9, 2009 hearing.[2] The objectors to the Runyan settlement primarily consisted of plaintiffs attempting to pursue their own class actions, and several objectors asked the Court to deny approval of the settlement, or to "carve out" class members from particular states to permit the objectors to seek class certification of a statewide class in separate cases. Dkt. # 289-4, at 15-26. The Runyan court found that the interests of the named class representatives in Runyan were aligned with the interests of the objecting class members, and denied any requests to "carve out" states from the settlement class. Id. at 16. The Runyan findings of fact and conclusions of law state that 476 potential class members opted out of the settlement. Dkt. # 289-3, at 24. However, the findings of fact and conclusions of law do not state how many potential class members from each state opted

_____

[2]     Although plaintiff opted out of the settlement, his attorney, Anthony Gould, appeared before the Runyan court on behalf of class member Audrey Hunter and asserted numerous objections to the settlement. Hunter's objections were overruled and she has appealed the certification of the settlement class to the Arkansas Court of Appeals. See Dkt. # 287, Ex. 6 (transcript of oral argument of Hunter's objections to proposed settlement); Dkt. # 290, Ex. 1 (Hunter's notice of appeal from denial of her objections to the settlement class).

out of the settlement.  On December 21, 2009, the <u>Runyan</u> court entered a Final Order and Judgment (Dkt. # 289, Ex. 1) incorporating the findings of fact and conclusions.  This was a final order subject to appeal to the Arkansas Court of Appeals, and at least two objectors have appealed.

## II.

Under Fed. R. Civ. P. 23(d)(1)(D), a district court may "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly . . . ."  This rule gives a district court the authority to strike or dismiss class allegations before discovery if it is apparent from the plaintiff's complaint that a class cannot be certified. <u>Hovsepian v. Apple, Inc.</u>, 2009 WL 5069144 (N.D. Cal. Dec. 17, 2009).  "A court may strike class allegations under [Rule 23(d)] where a complaint fails to plead the minimum facts necessary to establish the existence of a class satisfying Rule 23's mandate."  <u>Henry v. Allstate Ins. Co.</u>, 2007 WL WL 2287817, *2 (E.D. La. Aug. 8, 2007).  If the complaint adequately alleges each required element of Rule 23, courts generally refrain from dismissing the class allegations and defer a ruling on the issue of class certification until the plaintiff is given the opportunity to conduct class discovery and the parties have fully briefed the issue of class certification.  <u>Newport v. Dell Inc.</u>, 2009 WL 1636248, *12 (D. Ariz. June 9, 2009); <u>Rahman v. Smith & Wollensky Restaurant Group, Inc.</u>, 2008 WL 161230 (S.D.N.Y. Jan. 16, 2008); <u>Steward v. Up North Plastics, Inc.</u>, 177 F. Supp. 2d 953 (D. Minn. 2001).

## III.

Defendant argues that the settlement of the <u>Runyan</u> class action forecloses any potential class action in this case, because all potential members of plaintiff's proposed class were members of the <u>Runyan</u> class and the claims of potential class members are barred by the doctrines res judicata or

release.  Plaintiff responds that the <u>Runyan</u> settlement violated the due process rights of absent class members and the class members are not bound by the <u>Runyan</u> settlement.[3]  Defendant challenges plaintiff's standing to assert the due process rights of absent class members in <u>Runyan</u>, because plaintiff opted out of the <u>Runyan</u> settlement and he is a third party to settlement.

Plaintiff has not shown that he has standing to challenge the due process rights of the absent class members in <u>Runyan</u>, because he opted out of the settlement and he was not affected by any alleged due process violation in <u>Runyan</u>.  If plaintiff had not opted out of the settlement class, he may have had standing to appeal the state court's approval of the <u>Runyan</u> settlement to the Arkansas Court of Appeals or collaterally attack the settlement on the ground that the due process rights of absent class members were violated.  <u>See</u> <u>In re Integra Realty Resources, Inc.</u>, 354 F.3d 1246, 1103-04 (10th Cir. 2004).  However, he opted out of the class and elected to forego any relief under the settlement agreement in <u>Runyan</u>, and he lacks standing to challenge the settlement.  <u>Id.</u> at 1103. While collateral attacks challenging the adequacy of representation in a class action are permitted, such collateral attacks may be brought only by absent class members whose substantive rights were allegedly affected by prior class action.  <u>See</u> <u>Walker v. City of Mesquite</u>, 858 F.2d 1071, 1074 (5th Cir. 1988); <u>Garcia v. Bd. of Educ., Sch. Dist. No.1, Denver, Colorado</u>, 573 F.2d 676, 679-80 (10th Cir. 1978).

Plaintiff's lack of standing becomes apparent when the constitutional test for standing is considered.  Article III of the United States Constitution limits federal courts to the adjudication of

---

[3]     The Court has previously advised plaintiff that challenges to the fairness of the <u>Runyan</u> settlement may not be litigated in this case, and the Court has also rejected plaintiff's arguments concerning the applicability of OKLA. STAT. tit. 36, § 3651.  Dkt. # 200, at 5; Dkt. # 300, at 9-18.  The Court will not revisit those issues.

"cases or controversies." U.S. CONST. art. III, § 2, cl. 1. "The standing inquiry ensures that a plaintiff has a sufficient personal stake in a dispute to ensure the existence of a live case or controversy which renders judicial resolution appropriate." Tandy v. City of Wichita, 380 F.3d 1277, 1283 (10th Cir. 2004); see also Allen v. Wright, 468 U.S. 737, 750-51 (1984). The Supreme Court has recognized three elements for standing under Article III:

> First, the plaintiff must have suffered an "injury in fact"-an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of-the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court. Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992). The primary focus for any analysis of standing under Article III "is whether plaintiff has suffered a present or imminent injury, as opposed to a mere possibility, or even probability, of future injury." Morgan v. McCotter, 365 F.3d 882, 888 (10th Cir. 2004). Plaintiff has not suffered any injury from the Runyan settlement. Plaintiff appears to be arguing that the Runyan settlement impaired his "right" to bring a class action on behalf of similarly situated Oklahoma residents. As the Court has explained in a prior opinion and order, plaintiff does not have any substantive right to proceed with his claims on a classwide basis. Dkt. # 160, at 8 ("While the Court must vigorously protect the rights of absent class members, plaintiff does not have the right to file and maintain a class action. The primary purpose of a class action is to resolve numerous pending claims efficiently, rather than to promote the interests of a particular plaintiff or his attorney."). While plaintiff has maintained the right to proceed with his claims on an individual basis, he opted out of the Runyan settlement and gave up right to object to the fairness of the settlement or assert alleged due process violations on behalf of absent class members.

Plaintiff cites In re Antibiotic Drugs, 320 F. Supp. 586 (J.P.M.L. 1970), for the proposition that a plaintiff may file an overlapping class action and collaterally attack the validity of a prior class settlement.  In that case, the Judicial Panel on Multidistrict Litigation noted that a plaintiff whose case had been consolidated with over 150 other cases intended to collaterally attack the validity of prior settlement classes concerning similar claims, and the Judicial Panel on Multidistrict litigation suggested that the plaintiff may be permitted to do so.[4]  However, the key issue before the Judicial Panel on Mulitdistrict Litigation was to which court the plaintiff's case should be remanded, and it did not need to decide if the plaintiff had standing to collaterally attack a prior class settlement.  The Court has independently researched the procedural history of In re Antibiotic Drugs and it is not clear that the plaintiff opposing remand was permitted to collaterally attack prior class settlements after remand from the Judicial Panel on Multidistrict Litigation, and In re Antibiotic Drugs does not establish that plaintiff has standing to collaterally attack the Runyan settlement.

The Court finds that defendant's arguments may not be resolved on a motion to dismiss plaintiff's class allegations, because defendant is asking the Court to make findings that are more appropriate when ruling on a motion for class certification.  Plaintiff's complaint adequately alleges each element required for class certification under Rule 23(a) and (b), and the Court would be required to consider evidence outside of the pleadings to resolve the issues of res judicata or release.  Defendants state that all but two Oklahoma residents who would fall under plaintiff's proposed class definition participated in the Runyan class, and plaintiff cannot satisfy the numerosity requirement of Rule 23(a)(1).  Dkt. # 296, at 6 n.1.  However, this is not apparent from the court records from

---

[4]      The Judicial Panel on Multidistrict Litigation also suggested that the plaintiff failed to appeal the prior class settlements, and this suggests he did not opt of the settlement class.  However, In re Antibiotic Drugs offers no clarification on this issue.

<u>Runyan</u> provided by defendant and, based solely on the pleadings and the records of which this Court can take judicial notice, it is not clear that plaintiff's class allegations should be dismissed for failure to adequately allege numerosity.  The final approval of class settlement notes that nine objections to the settlement were heard at the hearing to approve the class settlement and a total of 476 potential class members opted of the settlement.  Dkt. # 289-4, at 14.  This does not conclusively establish that  plaintiff will be unable to obtain class certification in this case.  The Court must make a factual finding concerning the number of Oklahoma residents who would be part of plaintiff's proposed class, and this is the type of finding that is ordinarily made at a class certification hearing.  Thus, defendant's motion to dismiss plaintiff's class allegations should be denied.  Defendant may reassert its arguments concerning res judicata and release during the class certification process, but defendant's arguments are premature.

However, defendant has raised a legitimate issue concerning class certification, and the Court's denial of defendant's motion to dismiss does not mean that defendant's argument lacks merit.  Instead of authorizing discovery on all issues related to class certification, the Court will lift the stay of proceedings on plaintiff's class action allegations and will allow limited class discovery on the issue of numerosity only.  This limitation is necessary for two primary reasons.  First, there is a significant possibility that the putative class members of plaintiff's proposed class may have been members of the <u>Runyan</u> class, and defendant has suggested that only plaintiff and one other Oklahoma resident opted out of the <u>Runyan</u> class.  Second, the Court has recently issued an opinion and order (Dkt. # 300) granting summary judgment in favor of defendant on plaintiff's claims of breach of contract and bad faith as to plaintiff's insurance claims for medical treatment after November 1, 2006, and the proposed class will also be subject to a similar limitation.  Thus, the

9

proposed class may be smaller than the class envisioned when plaintiff filed his class action complaint.  To be clear, the limited discovery authorized by this Opinion and Order does not include any discovery on the issue of the due process rights of absent class members in <u>Runyan</u>, because plaintiff lacks standing to assert such an argument.  If plaintiff can establish that his proposed class potentially includes enough class members that joinder of class members is impracticable, he will be permitted to conduct discovery on all issues related to class certification.

      **IT IS THEREFORE ORDERED** that Life Investors Insurance Company of America's Motion to Dismiss or Eliminate Plaintiff's Class Action Allegations (Dkt. # 287) is **denied**, and the stay of plaintiff's class allegations entered on October 9, 2009 (Dkt. # 200) is **lifted in part**.

      **IT IS FURTHER ORDERED** that the parties may conduct class discovery on the issue of numerosity only.  The parties should focus their discovery efforts on (1) the number of Oklahoma insureds who submitted claims for medical treatment provided between April 1 and November 1, 2006 and (2) the number of these insureds who opted out of the <u>Runyan</u> class.

      **IT IS FURTHER ORDERED** that the parties are directed to submit simultaneous briefing on the issue of numerosity under Fed. R. Civ. P. 23(a)(1) **no later than April 15, 2010**.  The parties may submit response briefs **no later than April 30, 2010**.

      **DATED** this 11th day of March, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

10