## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DENNY LINDLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   08-CV-379-CVE-PJC |
| | ) | |
| LIFE INVESTORS INSURANCE | ) | |
| COMPANY OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is Life Investors Insurance Company of America's ("Life Investors")

Motion For Partial Reconsideration by the Magistrate of February 17, 2010 Discovery Order

(Dkt. #308).  This motion came at issue on April 2, 2010.

In its motion, Life Investors seeks partial reconsideration of the February 17, 2010

Discovery Order under Rules 54(b) and 72(a) of the Federal Rules of Civil Procedure.  However,

neither Rule applies.  Rule 54(b) pertains only to reconsideration of a judgment on some but not

all of the claims or parties before the entry of a judgment on all the claims and parties.[1]  The

reconsideration Life Investor seeks is of a discovery motion.  Rule 72(a) applies to Life

---

[1] (b)   Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. **Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.**

Fed.R.Civ.P. 54(b) (emphasis added).

Investors' "appeal" to the district court of the undersigned's discovery order (an appeal which it simultaneously filed with its motion to reconsider), not to a motion for the Magistrate Judge to reconsider his discovery order.[2]   (Dkt. # 297).

The Federal Rules, in fact, do not recognize motions for reconsideration. *Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002); *Hatfield v. Board of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir.1995).   Nonetheless, motions for reconsideration are generally construed either under Rule 59(e) as a motion to alter or amend the judgment or Rule 60(b) as a motion for relief from judgment, depending on the time such motion is served.  *Computerized Thermal Imaging,* 312 F.3d at 1296 n. 3.   Until amended in 2009, Rule 59(e) applied to motions to reconsider if filed within ten days of the court's order or entry of judgment and, if filed more than ten days after the order or judgment, Rule 60(b) would apply.  *Id*.  As amended, the period of time within which to file a Rule 59(e) motion was extended to twenty-eight (28) days from the order or judgment.  Fed.R.Civ.P. 59(e)(effective December 1, 2009) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").  The pending motion was filed on March 3, 2010, less than 28 days after the entry of the Court's February 17, 2010 Discovery Order. Accordingly, the Court construes Life Investors' motion for partial reconsideration under Rule

---

[2]  Rule 72(a) pertains to nondispositive matters referred to the Magistrate Judge and provides: When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. **The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.**
Fed.R.Civ.P. 72(a)(emphasis added).

59(e).

A Rule 59(e) motion is warranted where there is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.2000). Thus, motions for reconsideration, like Rule 59(e) motions, are generally granted "only to correct manifest errors of law or to present newly discovered evidence." *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992); *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1186 n. 5 (10th Cir. 2000) (same); *Dougal v. State Farm Mut. Auto. Ins. Co.,* 2006 WL 1720547,*1 (N.D.Okla., June 20,2006) (same). It is not appropriate to revisit issues addressed by the order or advance arguments that could have been raised in the Court's initial consideration. *Servants of the Paraclete*, 204 F.3d at 1012; *Williams v. City of Pittsburgh*, 32 F.Supp.2d 236, 238 (W.D.Pa. 1998) ("Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly."). Neither can the motion for reconsideration present evidence that was in existence at the time of the Court's initial consideration. *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008), *cert. denied*, _ U.S._, 129 S.Ct. 417 ("As for the new evidence, motion under Rule 59(e) cannot be used to present evidence that could have been presented before judgment was entered."); *United States v. Metropolitan St. Louis Sewer Dist.* 440 F.3d 930, 935 (8th Cir. 2006).

Life Investors cites no intervening change or clear error in the Court's painstakingly comprehensive, 20-page discussion of the applicable law of attorney-client privilege and

attorney work product.[3]   Rather, Life Investors complains that the Court wrongly applied that

law to facts it misapprehended.  Life Investors cites the following grounds for reconsideration:

1.   The Declaration of Mark Edwards and the "clear import" of the documents created prior to October 2004, including the Baxley Dillard Documents and Mark Edwards' memoranda establish that litigation was anticipated at least as of May 2004.

2.   The Baxley Dillard documents were created for the primary purpose of seeking legal advice.

3.   Mark Edwards' entire June and portions of September versions of his memoranda and related documents are protected from disclosure under the attorney-client privilege and as attorney work product.

4.   Emails between Mark Edwards and other in-house counsel containing legal advice and analysis (LIPriv-Lindley 0021, 0105, 0065) and from Edwards to Kelly Adams and Stephen Gwin pertaining to legal review by outside counsel (LIPriv-Lindley 0066) are privileged.

5.   Documents or information requested by and provided to Jorden Burt (LI-Priv Lindley 0027 and 0040), Exhibits B & C to the Jordan Burt Report (LIPriv-Lindley 0131 and 0194) are privileged.

6.   Redacted and produced documents (LIPriv-Lindley 0016, 0017, 0018, 0064, 0091 and LIICA 005168 and 005171) consisting of several emails, lists of possible solutions and handwritten notes prepared in the course of the DSI Taskforce's work should remain redacted of Edward's or Jorden Burt's mental impressions, legal opinions and analysis.

In support of these grounds, Life Investors offers as evidence a "supplemental"

Declaration of Mark H. Edwards ("Edwards"), the Declaration of John Kelly Adams ("Adams"),

and a "supplemental" Declaration of Markham R. Leventhal ("Leventhal").  *Exs. A, B and C*

(Dkt. #308).  However, none of these declarations is "new evidence" to be adduced on a motion

---

[3]   Life Investors does take issue with the Court's finding no basis for adopting the case-by-case analysis in *Upjohn Co. v. United States*, 449 U.S. 383 (1981), of the nature, purpose and need for certainty regarding the attorney-client privilege - rather than the "control group" test - to determine whether the privilege applies in the corporate context.  However, other than its preference for *Upjohn's* rejection of a strict control group test for privilege, Life Investors again offers no Oklahoma case adopting *Upjohn's* interpretation of federal common law .  Nor does it counter the Court's interpretation of Oklahoma's attorney-client privilege statute, Okla.Stat.tit. 12, §2502(A)(3)and (4), which defines the "representative of the client" as "one having authority to obtain professional legal services, or to act on advice rendered pursuant thereto on behalf of the client" to support Oklahoma's application of the control group test rather than *Upjohn's* test in determining who is the corporate "client."

to reconsider.  Edwards and Leventhal simply offer significantly more detailed and directed testimony that could and should have been offered in their original declarations in order to support Life Investors' version of the facts.   Adams' declaration is added to bolster Edwards' and Leventhal's "supplemental" testimony and finally to explain Edwards' role in the DSI Taskforce.  "Rule 59(e) motions may be based either on (1) evidence arising after the initial ruling (in which event the party's diligence in seeking the evidence is obviously not a consideration) or (2) evidence available but not discovered at the time of the initial ruling (in which event the moving party must show it diligently sought the evidence earlier)." *Bell v. Board of County Comm'rs of Jefferson County,* 451 F.3d 1097, 1102 (10th Cir. 2006).  This evidence is neither; it existed and was known to Life Investors when it filed its response to Lindley's motion to compel and thus, cannot now be considered under Rule 59(e).

In sum, Life Investors has established no basis under Rule 59(e) for the Court's reconsideration of its February 17, 2010 discovery order.  Accordingly, the Court denies Life Investors' Motion For Partial Reconsideration. (Dkt. #308).

IT IS SO ORDERED, this 15th day of April, 2010.

Paul J. Cleary
United States Magistrate Judge