IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DENNY LINDLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.   08-CV-379-CVE-PJC |
| | ) |
| LIFE INVESTORS INSURANCE | ) |
| COMPANY OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court are Life Investors Insurance Company of America's ("Life Investors") Motion For Protective Order and to Quash Subpoenas Directed to Non-Parties J. Angela Ables and Kerr, Irvine, Rhodes & Ables, P.C. (Dkt. #329), Motion to Seal Document (Dkt. #331)[1] and Plaintiff Denny Lindley's Motion to Compel (Dkt. #354).

Life Investors seeks to quash the subpoenas of non-parties J. Angela Ables ("Ables") and her firm, Kerr, Irvine, Rhodes & Ables, P.C. ("Kerr, Irvine"). It contends that the subpoenas were improperly issued from this Court rather than the Western District of Oklahoma as the depositions of Ables and Kerr, Irvine were to take place in Oklahoma City, Oklahoma. Further, even if issued from the proper court, the subpoenas should be quashed as they seek irrelevant documents and information.

Before turning to the merits of Defendant's arguments, the Court must determine whether Life Investors has standing to move for a protective order and to quash the subpoenas of nonparties Ables and Kerr, Irvine. Life Investors bases its standing on the following:

---

[1] The Court grants the Motion to Seal Documents (Dkt. ## 332, 333, 334) in support of Life Investors' Motion for Protective Order and to Quash Subpoenas (Dkt. #331).

> (1) the subpoenas required disclosure of privileged or protected material; and
> (2) the subpoenas exceed the scope of discovery allowed by Rule 26 (as well as the scope of discovery permitted by the Court upon partially lifting the stay of class allegations).

*Life Investors' motion for protective order/to quash, p. 6* (Dkt. #329). Life Investors contends that the subpoenas seek the deposition of its counsel in 2006 as well as privileged communications between them and that it is best suited to challenge the subpoenas on the basis of scope and relevance.

Generally, a party lacks standing to quash the deposition of a nonparty or to seek documents possessed by that nonparty unless the party claims some personal right or privilege that would be comprised thereby. *Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 685 (D.Kan.1995) ("A motion to quash or modify a subpoena duces tecum may only be made by the party to whom the subpoena is directed except where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena."); *Brunet v. Quizno's Franchise Co. LLC*, 2009 WL 902434, *4 (D.Colo. April 1, 2009) ("Absent a specific showing of a privilege or privacy [by a party], a court cannot quash a subpoena duces tecum" issued to a nonparty.); *Trujillo v. Board of Educ. of the Albuquerque Public Schools*, 2007 WL 2296916, *1 (D.N.M June 26, 2007) (A party has no standing to move to quash a subpoena of a nonparty absent a claim of privilege or legitimate interest.). The Court finds that Life Investors' objection based on attorney-client privilege is sufficient to grant it standing.

Life Investors objects to the subpoenas based on the following grounds: (1) the subpoenas are invalid on their face because they were issued from the wrong court; (2) the subpoenas seek irrelevant documents and information that are outside the scope of the permitted

numerosity discovery; and (3) the subpoenas are duplicative of other discovery sought from Life Investors; and (4) the subpoenas improperly seek privileged material. As the subpoenas were improperly issued from this Court, the Court need not address the other grounds.

Pursuant to Rule 45 (a)(2) of the Federal Rules of Civil Procedure, subpoenas for attendance at a deposition or production of documents must be issued from the court for the district where the deposition is to be taken or production is to be made. Fed.R.Civ.P. 45(a)(2)(B) and (C). The subpoenas set the depositions of Ables and Kerr, Irvine and the document production in the office of Lindley's counsel in Oklahoma City, Oklahoma, which is in the Western District of Oklahoma. However, the subpoenas were issued from this Court. The Court cannot compel the depositions or document production outside its jurisdiction.

Accordingly, the Court **GRANTS** Life Investors' Motion For Protective Order and to Quash Subpoenas Directed to Non-Parties J. Angela Ables and Kerr, Irvine, Rhodes & Ables, P.C. (Dkt. #329) and **DENIES** Lindley's Motion to Compel (Dkt. #354).

IT IS SO ORDERED, this 30th day of April, 2010.

_____
Paul J. Cleary
United States Magistrate Judge