# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DENNY LINDLEY, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **BASE FILE** |
| v. ) | **Case No. 08-CV-0379-CVE-PJC** |
| ) | |
| LIFE INVESTORS INSURANCE ) | Consolidated with |
| COMPANY OF AMERICA, ) | Case No. 09-CV-0429-CVE-PJC |
| now known as TRANSAMERICA LIFE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

Now before the Court is plaintiff's Motion to Certify the Court's Section 3651 Order [Doc. No. 300] for Immediate, Interlocutory Appeal (Dkt. # 360). Plaintiff asks the Court to certify its February 22, 2010 opinion and order (Dkt. # 300) for interlocutory appeal, because there is substantial room for a difference of opinion on a controlling issue of law, and he should not be required to wait for a final judgment before appealing the summary judgment ruling. Defendant responds that plaintiff's motion is untimely and plaintiff has not shown that the requirements for an interlocutory appeal under 28 U.S.C. § 1292(b) are satisfied.

On May 30, 2008, plaintiff filed this case alleging that defendant breached an individual cancer expense policy and acted in bad faith by failing to pay the higher amount billed by his medical providers for cancer treatment, instead of the lower amount actually accepted by his medical providers as full payment from plaintiff's primary medical insurer. Payment under the subject insurance policy is based on the "actual charges" incurred by plaintiff. In 2006, the Oklahoma Legislature passed a statute defining the term "actual charges" to mean "the amount actually paid by or on behalf of the insured and accepted by a provider for services provided." OKLA. STAT. tit.

36, § 3651. Section 3651 took effect on November 1, 2006. Some of plaintiff's cancer treatment occurred before November 1, 2006, but plaintiff continued to receive cancer treatment after November 1, 2006. On July 17, 2009, the Court entered an opinion and order (Dkt. # 140) granting plaintiff's motion for judgment on the pleadings on his breach of contract claims as to cancer treatment before November 1, 2006, and found that as a matter of Oklahoma common law defendant was obligated to pay the higher billed amount before § 3651 took effect. However, the Court deferred a ruling on the applicability of § 3651 to the insurance policy, because this issue was not addressed by the parties.

Defendant filed a motion for summary judgment (Dkt. # 185) as to plaintiff's remaining claims, and argued that § 3651 applied to the insurance policy and barred plaintiff's claims to the extent that he sought to recover the difference between the higher billed amount and the lower amount actually accepted by his medical providers as full payment. Plaintiff filed a second motion for judgment on the pleadings (Dkt. # 256) asserting that § 3651 did not apply to his insurance policy and was facially unconstitutional. On February 22, 2010, the Court entered an opinion and order (Dkt. # 300) granting in part and denying in part defendant's motion for summary judgment and denying plaintiff's motion for judgment on the pleadings. The Court found that the statutory language was clear and unambiguous, and found that § 3651 did apply to plaintiff's insurance policy for cancer treatment occurring after November 1, 2006. However, the Court found that defendant was not entitled to summary judgment as to plaintiff's bad faith claim for cancer treatment provided before November 1, 2006.

Plaintiff asks the Court to certify the February 22, 2010 opinion and order (Dkt. # 300) for interlocutory appeal under § 1292(b). Under § 1292(b), a district judge may certify an interlocutory

appeal if "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." If a district judge makes this certification, the moving party may seek leave from the court of appeals to pursue an interlocutory appeal. Homeland Stores, Inc. v. Resolution Trust Corp., 17 F.3d 1269, 1271 (10th Cir. 1994). Section 1292(b) is meant to be used sparingly and interlocutory appeals under this section are rare. Camacho v. Puerto Rico Ports Authority, 369 F.3d 570, 573 (1st Cir. 2004). Interlocutory appeals may be permitted when an immediate appeal of a controlling issue will avoid protracted litigation. Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 865 (2d Cir. 1996); State of Utah by and through Utah State Dep't of Health v. Kennecott Corp., 14 F.3d 1489, 1495 (10th Cir. 1994).

Defendant argues that plaintiff's motion is untimely, because plaintiff waited over two and a half months before seeking certification of the Court's opinion and order. Plaintiff responds that § 1292(b) does not impose a deadline for seeking certification of an order, and the Court should disregard this argument. Some courts have considered the timeliness of a motion under § 1292(b) when determining if an order should be certified for interlocutory appeal. See Ahrenholz v. Bd. of Trustees of University of Illinois, 219 F.3d 674, 675 (7th Cir. 2000) ("There is also a nonstatutory requirement: the petition must be filed in the district court within a *reasonable time* after the order sought to be appealed."); Lopez v. Youngblood, 2009 WL 2062883 (E.D. Cal. July 15, 2009) ("A section 1292(b) petition must be filed in the district court within a reasonable time after the order sought to be appealed."); Fabricant v. Sears Roebuck & Co., 2001 WL 883303 (S.D. Fla. Jan 29, 2001) (finding the defendant's motion for certification of an order for interlocutory appeal untimely when filed approximately one and a half months after the order was entered); Morton College Bd.

3

of Trustees of Illinois Community College Dist. No. 527 v. Town of Cicero, 25 F. Supp. 2d 882, 884-85 (N.D. Ill. 1998) (finding motion to certify order under § 1292(b) untimely when filed 30 days after the order sought to be appealed was entered).  Although timeliness is not a statutory requirement, the Court finds that timeliness should be considered when exercising its discretion to certify an order for interlocutory appeal under § 1292(b).  One of the primary purposes of an interlocutory appeal is to expedite litigation and avoid protracted litigation.  See White v. Nix, 43 F.3d 374, 376 (8th Cir. 1994).  Delay in filing a motion to certify an order for interlocutory appeal suggests that a party may be seeking to avoid an unfavorable ruling, rather than to expedite the litigation for the benefit of the Court and all parties.

In this case, the opinion and order granting in part and denying in part defendant's motion for summary judgment was entered on February 22, 2010, but plaintiff did not file this motion until May 3, 2010.  Plaintiff argues that intervening events, such as defendant's refusal to provide discovery, prevented him from filing this motion sooner.  Dkt. # 399, at 2-5.  However, the basis for plaintiff's motion is his disagreement with the Court's opinion and order, and defendant's refusal to provide certain discovery did not impair plaintiff's ability to file this motion.  The Court finds that plaintiff's motion was not filed within a reasonable time.  The Court will not treat this as a dispositive factor when ruling on plaintiff's motion, but will consider plaintiff's delay as a factor weighing against permitting an interlocutory appeal of the Court's February 22, 2010 opinion and order.

Plaintiff argues that there is a controlling issue of law as to which there is substantial ground for a difference of opinion, but the tenor of plaintiff's argument suggests that he misunderstands the purpose of an interlocutory appeal.  The issue is whether there are substantial grounds for difference

4

of opinion on the issues of law raised by parties; it is not whether plaintiff disagrees with this Court's ruling. American Soc. for Prevention of Cruelty to Animals v. Ringling Brothers and Barnum & Bailey Circus, 246 F.R.D. 39, 43 (D.D.C 2007) (denying motion for interlocutory appeal when the moving party's motion simply expressed "continued disagreement" with the court's order). It is clear that plaintiff disagrees with the Court's decision, but he has not cited any authority suggesting that there is a split of authority on any issue addressed in the February 22, 2010 opinion and order or that there is legal authority suggesting that the Tenth Circuit Court of Appeals might reach a different decision. Plaintiff also suggests that Oklahoma law is unclear and this is a ground for difference of opinion. Dkt. # 360, at 17. However, the Court determined that the statutory language was clear and unambiguous and, even if Oklahoma law is unclear, the proper method to resolve unclear issues of state law is to submit a certified question to the Oklahoma Supreme Court, rather to refer an unclear issue of state law to the Tenth Circuit through an interlocutory appeal.[1]

The fundamental premise of plaintiff's motion for permission to file an interlocutory appeal is that the Court misunderstood the insurance policy, and this misunderstanding tainted the Court's ruling on defendant's motion for summary judgment. Plaintiff claims that the Court's use of the word "windfall" shows that the Court interpreted the policy as a standard healthcare insurance policy, instead of as supplemental cancer only insurance policy. Dkt. # 360, at 11-15. To be very clear, the Court did not misapprehend any part the insurance policy and fully understands that the subject insurance policy provides supplemental, cancer-only insurance to plaintiff. See Dkt. # 140,

---

[1] This Court noted that the Oklahoma Supreme Court had not decided whether an intervening statute applied to a guaranteed renewable insurance policy, Dkt. # 300, at 13, but that § 3651 expressly states that it applies to renewals. Id. Therefore, there is no need to certify a question of law to the Oklahoma Supreme Court.

5

at 1 (noting that plaintiff had a "cancer only" policy with Life Investors and explaining that payment was made directly to plaintiff, instead of to his healthcare providers); Dkt. # 160, at 1-2 (same); Dkt. # 300, at 2 (describing plaintiff's insurance policy as an "individual cancer expense policy" and describing how payment is made under the policy). Plaintiff takes the Court's use of the word "windfall" out of context in an attempt to show that Court misunderstood the insurance policy. This argument is meritless and is not a basis to certify the February 22, 2010 opinion and order for interlocutory appeal.

Plaintiff's remaining arguments concerning the existence of a controlling issue of law are attempts to reassert arguments that have been rejected by this Court, and these arguments do not meet the standard for certification of an order for interlocutory appeal. Plaintiff claims that § 3651 is ambiguous and the Court failed to apply certain tools of statutory construction. Dkt. # 360, at 16. The Court stated that "there was no reasonable way to read [§ 3651] as ambiguous, and plaintiff has not cited any authority suggesting that this conclusion is debatable as a matter of Oklahoma law. Dkt. # 300, at 9 n.9. Plaintiff asserts a new argument that it is unclear whether his healthcare providers may require him to pay the higher billed amount, even though they accepted a lower amount as full payment. Dkt. # 360, at 22. He did not raise this argument in response to defendant's motion for summary judgment, and the Court will not consider this new argument as a ground to certify an interlocutory appeal. See Dkt. # 210. Plaintiff claims that the Court's interpretation of "actual charges" goes against other judicial decisions interpreting the same statutory language. Dkt. # 360, at 13. However, the issue before the Court was whether an Oklahoma statute that expressly defined "actual charges" applied to plaintiff's insurance policy, and cases from other jurisdictions applying state common law to different insurance policies are inapplicable. Plaintiff also argues that

the Court should not have presumed that the Oklahoma Legislature had a legitimate purpose when it enacted § 3651, because the legislative purpose was not expressly stated in the statute and the Court was merely speculating that there was a legitimate purpose for enacting § 3651. Id. at 23-29. In the February 22, 2010 opinion and order, the Court cited Keystone Bituminous Coal Ass'n v. DeBenedictis, 480 U.S. 470 (1987), which held that a court must "properly defer to legislative judgment as to the necessity and reasonableness of a particular measure" when reviewing a challenge to a state statute under the Contracts Clause of the United States Constitution and the state is not a party. Dkt. # 300, at 15. Plaintiff ignores the authority cited by the Court and the Court finds that there is not a substantial room for difference of opinion on this issue.

Even assuming that plaintiff had identified a controlling question of law suitable for interlocutory appeal, plaintiff has not shown that permitting an interlocutory appeal will materially advance the litigation. Plaintiff claims that a trial of the remaining issues will be a waste of judicial resources, because the Tenth Circuit is likely to reverse the Court's February 22, 2010 opinion and order. Dkt. # 399, at 7. He states that this will require the Court to hold a second trial on all claims and reconsider any decision entered on his request for class certification. Plaintiff's speculation about future rulings by this Court or the Tenth Circuit do not show that an interlocutory appeal will materially advance this litigation. See Link v. Mercedes-Benz of North America, 550 F.2d 860, 864 (3d Cir. 1977); In re Spectranetics Corp. Sec. Litigation, 2009 WL 4268291, * 4 (D. Colo. Nov. 19, 2009). In Zygmuntowicz v. Hospitality Investments, Inc., 828 F. Supp. 346 (E.D. Pa. 1993), the district court considered whether certifying an order for interlocutory appeal would "1) obviate the need for a trial; 2) eliminate complex issues thereby greatly simplifying the trial; and 3) eliminate issues thus making discovery much easier and less costly." Id. at 353. In this case, none of these

7

potential benefits would result from certifying the February 22, 2010 order for interlocutory appeal. Permitting an interlocutory appeal would only delay the case and, following resolution of the interlocutory appeal, the Court would still be required to rule plaintiff's on request for class certification and have a trial regardless of the outcome of the interlocutory appeal. Thus, certification of an interlocutory appeal would not materially advance this litigation and plaintiff's motion should be denied.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Certify the Court's Section 3651 Order [Doc. No. 300] for Immediate, Interlocutory Appeal (Dkt. # 360) is **denied**.

**DATED** this 11th day of June, 2010.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT