### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DENNY LINDLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **BASE FILE** |
| v. ) | Case No. 08-CV-0379-CVE-PJC |
| ) | |
| LIFE INVESTORS INSURANCE ) | Consolidated with |
| COMPANY OF AMERICA, ) | Case No. 09-CV-0429-CVE-PJC |
| now known as TRANSAMERICA LIFE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is Life Investors Insurance Company of America's Motion for Partial Reconsideration of the Court's April 28, 2010 Opinion and Order (Dkt. # 393). Defendant asks the reconsider its opinion and order (Dkt. # 357) finding that certain documents on defendant's privilege log should be produced in response to discovery requests by plaintiff. Plaintiff responds that defendant has presented its arguments to Magistrate Judge Paul J. Cleary and the undersigned, and defendant is not entitled to any further consideration of its arguments that certain documents are not discoverable.

On May 30, 2008, plaintiff filed this case alleging that defendant Life Investors Insurance Company of America (Life Investors) breached a supplemental, cancer-only insurance policy and acted in bad faith by refusing to pay the full amount billed to his primary health insurer by his physician. Plaintiff sought discovery of documents generated by Life Investors when it changed its payment procedures and determined that the phrase "actual charges" should be limited to the amount actually accepted by plaintiff's physician as full payment, instead of the higher amount billed to his primary health insurer. Dkt. # 222, Exs. 1 and 2. Life Investors responded by providing plaintiff

a 20 page privilege log and refused to produce the documents requests by plaintiff. Plaintiff filed a motion to compel (Dkt. # 222) discovery of all documents listed on the privilege log, and argued that defendant waived any privilege by placing the privileged matter at issue.

Plaintiff's motion to compel was referred to the magistrate judge, and the magistrate judge held a hearing on plaintiff's motion. The magistrate judge entered a 45 page opinion and order (Dkt. # 297) granting in part and denying in part plaintiff's motion to compel. Defendant filed a motion for partial reconsideration (Dkt. # 308), and also appealed to the undersigned (Dkt. # 307) the magistrate judge's ruling on the motion to compel. The magistrate judge denied defendant's motion to reconsider, because the motion was simply an attempt to bolster arguments that had already been rejected. Dkt. # 343. The undersigned granted in part and denied in part defendant's appeal, and found that defendant had asserted a valid privilege for some of the documents that the magistrate judge ordered defendant to produce. Dkt. # 357. However, defendant has filed a motion for partial reconsideration, and asks the Court to deny plaintiff's motion to compel as to ten documents that the Court determined were discoverable.

The Court treats defendant's motion to reconsider under Fed. R. Civ. P. 54(b), as the underlying opinion and order is not a final order or judgment. See Raytheon Constructors, Inc. v. Asarco Inc., 368 F.3d 1214, 1217 (10th Cir. 2003). Defendant acknowledges that the Court has consistently relied on the legal standards applicable to a Rule 59(e) motion to alter or amend judgment when reviewing a motion to reconsider an interlocutory order. Dkt. # 393, at 12 n.7; see also Official Committee of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand LLP, 322 F.3d 147, 167 (2d Cir. 2003). A motion to reconsider, like a motion to alter or amend judgment, should be granted only upon the following grounds: "(1) an intervening change in the controlling

law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000); see Adams v. Reliance Standard Life Ins. Co., 225 F.3d 1179, 1186 n.5 (10th Cir. 2000). The Court will exercise its discretion to review defendant's motion under the standards applicable to Rule 59(e) motions. A district court does not abuse its discretion if it refuses to reconsider arguments that have already been considered and rejected. See Servants, 204 F.3d at 1009; Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991). Reconsideration is "not available to allow a party to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." FDIC v. United Pacific Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998) (quoting Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996)).

Defendant argues that the Court should reconsider its decision on defendant's appeal as to ten documents listed on defendant's privilege log: (1) the "Baxley Dillard Documents" (LIPriv-Lindley 0168, 0169, LIICA 005168, 005171); (2) the July 2004 Email Exchange (LIPriv-Lindley 0021, 0065, 0105); (3) the Jordan Burt Documents (LIPriv-Lindley 0027, 0131, and Exhibit C to the Jordan Burt Report). Defendant claims that the Baxley Dillard Documents concern a conference call with an outside law firm and the fax cover sheets (LIPriv-Lindley 0168 and 0169) and the handwritten notes of Stephen Gwin (LIICA 005168, 005171) contain privileged attorney-client communications. Dkt. # 393, at 7-9, 14-19. Defendant argues that the July 2004 Email Exchange (LIPriv-Lindley 0021, 0065, 0105) contains privileged communications between in-house counsel and Life Investor's employees, and is protected by the attorney-client privilege. Id. at 9-10, 19-20. Finally, defendant argues that the Jordan Burt documents were created by Life Investor's outside

counsel, and were prepared in anticipation of "actual charges" litigation, such as this case. Id. at 10-12, 20-24. Defendant acknowledges that the Court previously reviewed these documents and rejected defendant's arguments, but defendant believes that a "closer inspection" of a small group of documents will lead the Court to reconsider its decision. Id. at 12.

The Court's opinion and order was not a first draft, and the Court will not revisit arguments that should have been presented before or have already been rejected. The Court finds that its prior opinion and order resolved all of the issues raised in defendant's motion to reconsider, and defendant's request for a "closer inspection" of the selected documents is not a basis for reconsideration. The undersigned and Magistrate Judge Cleary have thoroughly reviewed all of the documents on defendant's privilege log, and have found that some of the documents on the privilege log should be produced to plaintiff. In fact, the undersigned independently reviewed all of the documents identified on defendant's privilege log, and agreed that the attorney-client and/or work-product privilege were properly asserted as to many documents that the magistrate judge ordered defendant to produce. Dkt. # 357, at 16. Defendant's motion to reconsider offers no new arguments in support of its request to prevent discovery of these ten documents, and defendant's motion simply expresses disagreement with the Court's opinion and order (Dkt. # 357) requiring defendant to produce certain documents. Defendant is not entitled to continued judicial review of documents merely because defendant believes that certain documents are privileged. This issue has been fully litigated and no further argument on this issue will be permitted.

**IT IS THEREFORE ORDERED** that Life Investors Insurance Company of America's Motion for Partial Reconsideration of the Court's April 28, 2010 Opinion and Order (Dkt. # 393) is **denied**.

**DATED** this 18th day of June, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT