IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DENNY LINDLEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **BASE FILE** |
| v. ) | **Case No. 08-CV-0379-CVE-PJC** |
| ) | |
| **LIFE INVESTORS INSURANCE** ) | **Consolidated with** |
| **COMPANY OF AMERICA,** ) | **Case No. 09-CV-0429-CVE-PJC** |
| **now known as TRANSAMERICA LIFE** ) | |
| **INSURANCE COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

Now before the Court are plaintiff's Motion to Reconsider Partial Summary Judgment [Doc. 300] Concerning the Applicability of Section 3651 Based on Newly Discovered Evidence of the 1998 Actual Charges Agreement (Dkt. # 352) and Motion to Vacate "Windfall" Conclusion in Opinion and Order of February 22, 2010 [Doc. 300] Based upon a Plain Misapprehension of the Applicable Facts and Consequently for Reconsideration of Its Conclusion that Section 3651 Is Constitutional as Applied to Plaintiff's Policy (Dkt. # 391). Plaintiff claims that he recently discovered new evidence showing that the parent company of defendant Life Investors Insurance Company of America (Life Investors) agreed with the Oklahoma Insurance Department (OID) to include a definition of "actual charges" in its supplemental, cancer only insurance policies and this evidence requires the Court to reconsider its ruling (Dkt. # 300) on defendant's motion for summary judgment. Dkt. # 352. He also argues that the Court misunderstood the insurance policy at issue in this case, and this misunderstanding caused the Court to reach an erroneous conclusion that OKLA. STAT. tit. 36, § 3651 is constitutional.

Plaintiff filed this case alleging that defendant Life Investors breached a supplemental, cancer only insurance policy and acted in bad faith by paying the lesser amount accepted by his medical providers as full payment, instead of the higher amount billed to his primary healthcare insurer by his medical providers.[1] The insurance policy paid plaintiff benefits based on the "actual charges" for his medical care.[2] In 2006, the Oklahoma Legislature enacted a statute limiting payment under any policy using the term "actual charges" to "the amount actually paid by or on behalf of the insured and accepted by a provider for services provided," and the statute took effect on November 1, 2006. OKLA. STAT. tit. 36, § 3651. Life Investors filed a motion for summary judgment arguing that it was not obligated to pay the higher billed amount after November 1, 2006, and requested summary judgment on plaintiff's breach of contract and bad faith claims. The Court entered an opinion and order granting in part and denying in part Life Investors' motion. The Court found that § 3651 applied to plaintiff's insurance policy and the statute was constitutional under the Contracts Clause of the United States Constitution.

Life Investors filed a motion to dismiss plaintiff's class allegations (Dkt. # 287), because an Arkansas state court had certified a nationwide settlement class encompassing all of the potential class members of plaintiff's putative class. That case was styled <u>Runyan v. Transamerica Life Insurance Company</u>, Case No. CV-09-2066-03 (Circuit Court of Pulaski County, Arkansas).

---

[1] Plaintiff filed a second lawsuit in Oklahoma County District Court asserting the same claims and seeking class certification. Life Investors removed that case to the United States District Court for the Western District of Oklahoma, and the Western District transferred the case to this Court. The two cases were consolidated. <u>See</u> Dkt. # 160 (opinion and order explaining procedural history of both cases and consolidating them for all purposes).

[2] The subject insurance policy was originally issued by Life Investors' predecessor-in-interest, Bankers United Life Assurance Company (Bankers United), and Bankers United merged into Life Investors.

2

Plaintiff argued that potential class members were not bound by the state court settlement class, because they were not adequately represented by the named class representative or class counsel in Runyan. Dkt. # 290, at 20-21. The Court found that plaintiff lacked standing to raise this argument, because he opted out of the settlement class in Runyan. Dkt. # 312, at 6-7. However, the Court determined that Life Investor's arguments could not be resolved when ruling on a motion to dismiss. The Court directed the parties to conduct limited class discovery on the issue of numerosity, and ordered the parties to file briefing after this limited discovery was completed. Id. at 10. Specifically, the Court limited discovery to two issues: "(1) the number of Oklahoma insureds who submitted claims for medical treatment provided between April 1 and November 1, 2006 and (2) the number of these insureds who opted out of the Runyan class." Id.

Plaintiff filed a motion for a 60 day extension of time to conduct discovery and file briefing as to numerosity under Fed. R. Civ. P. 23(a)(1). Dkt. # 313. He also argued that he had discovered new evidence concerning an agreement between Life Investors' parent company, Aegon USA, Inc. (Aegon), and the OID to include a definition of "actual charges" in its insurance policies that would have required Bankers United to pay the higher amount billed by an insured's medical provider as the actual charges under its supplemental, cancer only insurance policies. Life Investors responded that the change proposed by the OID applied only to Bankers United form BPC01OK, but plaintiff's insurance policy was issued using form BPC530AR and the change would not have applied to his policy. Dkt. # 335, at 10. Life Investors argued that plaintiff was aware of this issue no later than September 2009, but he failed to raise this issue in response to defendant's motion for summary judgment. Id. at 8-10. The Court referred plaintiff's motion to a magistrate judge, and the magistrate judge held a hearing on April 2, 2010.

3

The magistrate judge denied plaintiff's motion for an extension of time, because defendant had produced all relevant discovery to plaintiff and the discovery sought by plaintiff exceeded the discovery authorized by the Court in its March 11, 2010 opinion and order. Dkt. # 342. He also found that plaintiff's claim that Aegon agreed with the OID to change the definition of "actual charges" on all of its supplemental, cancer only insurance policies was "highly speculative, relying largely on unsupported inferences." Id. at 8. Plaintiff has appealed the magistrate judge's ruling.[3] He has also filed two motions asking the Court to reconsider its ruling on Life Investors' motion for summary judgment.

The Court treats plaintiff's motions to reconsider under Fed. R. Civ. P. 54(b), as the underlying opinion and order is not a final order or judgment. See Raytheon Constructors, Inc. v. Asarco Inc., 368 F.3d 1214, 1217 (10th Cir. 2003). Plaintiff's motions do not address the appropriate standard of review for his motions to reconsider, but his motions imply the Court should reconsider its opinion and order under a de novo standard. The Court may, however, call into play the legal standards applicable to a Rule 59(e) motion to alter or amend judgment. See, e.g., Official Committee of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand LLP, 322 F.3d 147, 167 (2d Cir. 2003). A motion to reconsider, like a motion to alter or amend judgment, should be granted only upon the following grounds: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000); see Adams v. Reliance Standard Life Ins. Co., 225 F.3d 1179, 1186 n.5 (10th Cir. 2000). The Court will exercise its discretion to review plaintiff's motions under the standards applicable to Rule 59(e) motions. A

---

[3]  Plaintiff's appeal (Dkt. # 344) will not be addressed in this Opinion and Order.

district court does not abuse its discretion if it refuses to reconsider arguments that have already been considered and rejected. See Servants, 204 F.3d at 1009; Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991). Reconsideration is "not available to allow a party to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." FDIC v. United Pacific Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998) (quoting Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996)).

Plaintiff claims that he discovered new evidence in March 2010 suggesting that Aegon, Life Investors' parent company, agreed with the OID to include a definition of "actual charges" in its Oklahoma supplemental, cancer only insurance polices. Dkt. # 352. There is no dispute that Aegon communicated with the OID in 1998 about amending its Oklahoma policies to include a definition of "actual charges." There is also no dispute that Bankers United and/or Life Investors paid their Oklahoma insured under Form BPC01OK the higher billed amount from 1998 to 2006, but failed to notify policyholders of an amendment to their policies. In May 2007, Life Investors amended form BPC01OK to define "actual charges" as "the amount billed for treatment before any insurance discounts, other insurance payments, reduction or discounts of any kind" and excluded these policy holders from changes to its payment procedures that took effect in April 2006. Dkt. # 335, Ex. A. Life Investors produced documents to plaintiff in September 2009 explaining this endorsement and when the policy change took effect. Dkt. # 335, at 8-9.

The record is clear that plaintiff was aware of this issue as early as September 2009, when Life Investors produced form BPC01OK to plaintiff with an endorsement including a definition of actual charges. Plaintiff did not file his response (Dkt. # 210) to Life Investors' motion for summary

judgment until October 15, 2009, and he had ample time to review this discovery and raise this issue in his response. Plaintiff filed a motion for relief under Fed. R. Civ. P. 56(f) requesting leave to file a supplemental response to Life Investors' motion for summary judgment, but he did not request additional time to conduct discovery or brief this issue. Dkt. # 209. This shows that plaintiff could have raised this issue long before he filed a motion to reconsider in April 2010, and it suggests that he is simply searching for ways to attack an unfavorable summary judgment ruling. A motion to reconsider based on newly discovered evidence is permitted only if (1) the evidence is newly discovered or (2) the evidence was available at the time of the Court's order and counsel made a "diligent yet unsuccessful attempt to discover the evidence." Webber v. Mefford, 43 F.3d 1340, 1345 (10th Cir.1994). Plaintiff's motion to reconsider (Dkt. # 352) does not satisfy either basis for reconsideration. The evidence is not newly discovered and plaintiff did not make a diligent effort to review evidence in his possession when he filed his response to Life Investors' motion for summary judgment. This is a sufficient reason to deny plaintiff's motion to reconsider. Even if the Court were to consider plaintiff's argument, the alleged 1998 agreement between the OID and Aegon is not a basis to reconsider the Court's opinion and order. Plaintiff's policy would not have been affected by the alleged agreement, because plaintiff's policy was issued using form BCP530AR. Plaintiff argues that the evidence implies that Aegon agreed to amend every policy issued to an Oklahoma insured to include a definition of "actual charges," but plaintiff's argument is pure speculation and is not supported by the evidence. Plaintiff's motion to reconsider (Dkt. # 352) should be denied.

Plaintiff also argues that the Court misunderstood the insurance policy and the Court should reconsider its ruling on the constitutionality of § 3651. Dkt. # 391. However, he takes the Court's

use of the word "reimbursement" out of context in an attempt to show that the Court misunderstood the insurance policy. The Court has already rejected plaintiff's argument that it misunderstood the insurance policy and will not reconsider this argument for a second time. See Dkt. # 408 (denying plaintiff's motion for certification of interlocutory appeal and rejecting plaintiff's argument that the Court's summary judgment ruling was tainted by a misunderstanding of the insurance policy). The Court notes that plaintiff's counsel has raised similar arguments concerning the constitutionality of § 3651 in another case, and his arguments were rejected. See McLaughlin v. American Fidelity Assurance Co., 2010 WL 2507523 (W.D. Okla. June 16, 2010). This motion to reconsider (Dkt. # 391) should also be denied.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Reconsider Partial Summary Judgment [Doc. 300] Concerning the Applicability of Section 3651 Based on Newly Discovered Evidence of the 1998 Actual Charges Agreement (Dkt. # 352) and Motion to Vacate "Windfall" Conclusion in Opinion and Order of February 22, 2010 [Doc. 300] Based upon a Plain Misapprehension of the Applicable Facts and Consequently for Reconsideration of Its Conclusion that Section 3651 Is Constitutional as Applied to Plaintiff's Policy (Dkt. # 391) are **denied**.

**DATED** this 2nd day of July, 2010.

*Claire V. Eagan*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT